(25 Misc. Rep. 322.)·

### PASTOR v. SOLOMON et al.

(City Court of New York, General Term.    November 18, 1898.)

LIQUIDATED DAMAGES.
> Provision in a contract by defendants to perform at plaintiff's theater, and to appear at no other theater in the city, that they shall not break the agreement "under a penalty of $500," is for liquidated damages.

Appeal from trial term.

Action by Antonio Pastor against Max Solomon and another, doing business as Rogers Bros.    From judgment on a verdict directed for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Mitchell L. Erlanger, for appellants.
Howe & Hummell, for respondent.

O'DWYER, J.    The only question that requires discussion on this appeal is whether that clause of the contract providing for damages constituted a penalty or liquidated damages.    The language used is as follows:

"And it is further contracted by and between the said several parties to this instrument that said parties of the second part shall not break this engagement, or violate any of the conditions of this agreement, under a penalty of five hundred dollars; and the said parties of the second part hereby confess judgment in said amount should they violate the aforesaid conditions."

The mere fact that the word "penalty" is used does not constitute the clause a penalty; on the contrary, the language is unimportant if the intent of the parties can be spelled out of the terms of the contract.

In Tode v. Gross, 127 N. Y. 480, 28 N. E. 469, the contract, referring to violations, provided:

"* * * Under a penalty of five thousand dollars, which is hereby named as stipulated damages, to be paid by the party of the first part [defendant], or his heirs, executors, administrators, or assigns, in case of a violation by the party of the first part [defendant] of this covenant of this contract, or any part thereof, within five years from the date hereof."

Said Vann, J.:

"As the actual damages for a breach of the covenant would necessarily be 'wholly uncertain, and incapable of being ascertained, except by conjecture,' we think that the parties intended to liquidate them when they provided that the sum named should be 'as stipulated damages.'    The use of the word 'penalty,' under the circumstances, is not controlling,"—citing Bagley v. Peddie, 16 N. Y. 469; Dakin v. Williams, 17 Wend. 448, affirming 22 Wend. 201; Wooster v. Kisch, 26 Hun, 61.

The defendants, by this contract, agreed to pay $500 in case of violation by them.    Cotheal v. Talmage, 9 N. Y. 551, applies.    In that case Cotheal entered into an agreement with De Forest and a number of other persons, whereby they severally covenanted that they would diligently devote themselves to obtaining gold and other precious metal in California, and that they would severally execute a

bond with surety conditioned for payment, in case of breach of agreement on their part, in the sum of $500 as liquidated damages. Talmage became the surety, and suit was brought on breach of agreement. Held, that the condition of the defendant's bond was an amount liquidated and settled between the parties as the compensation to be paid upon the breach of the contract. And so, in this case, we are governed by the intention of the parties, to be gathered from the language of the contract, and from the nature and circumstances of the case. Where there is a contract to pay money, the damages for its breach are fixed and liquidated by law, and require no liquidation by the parties. An agreement to pay greater damage is, therefore, regarded as a penalty. But when the damages resulting from the breach are uncertain in amount, as they are in all other cases, the parties have the right to say how much shall be paid by way of compensation to the party injured, and when they have settled that compensation neither a court of law nor a court of equity will diminish its amount, unless it be grossly disproportionate to the actual injury. "Where there is a manifest difficulty in ascertaining damages arising from the breach of the contract, and the fair conclusion is that the amount is specified and agreed on for the purpose of saving the expense or avoiding the difficulty of proving the actual damages, the parties should be held to their bargain; and especially where the amount fixed and liquidated is not far beyond what might probably be expected to arise from a breach of contract." There is no fixed rule by which the amount of damages the plaintiff would have sustained by reason of the failure of the defendants to perform in his company could be ascertained. He undoubtedly did give his performance without the services of the defendants, but there will be no means of ascertaining how many more people would have attended, and how much larger profits might have been earned, had the defendants fulfilled the contract on their part. The like argument applies to the unauthorized appearance of the defendants at any other theater in the city of New York. No one could tell what amount of patronage was secured to the Knickerbocker Theater, and taken from the plaintiff, by reason of the defendants' appearance at the rival house; and we must assume that it was in view of the uncertainty of the damage which would be sustained that the amount of $500 was fixed.

The judgment and order appealed from should be affirmed, with costs.

CONLAN, J., concurs.