Spear, J.
Two questions are presented, one relating to the validity of the contract and the other to the matter of damages for its breach.
1. The contract. It is urged as against the judgment of the circuit court that the contract lacks both consideration and mutuality and is therefore invalid. We are unable to see that either fault exists. Mutual promises, if of a substantial character, not open to the charge of illegality and involving benefit to the promisors respectively, ordinarily afford sufficient consideration for the contract of the parties. This contract on its face implies advantage to each. Rogan was to have the benefit of the skill as a salesman and the acquaintance with local trade of Doan, and Doan was to have the benefit of an advance in his compensation, and a permanent position for three years, and, although risking no money, a share in the profits. There was sufficient consideration.
The claim of want of mutuality seems to be based upon the proposition that as Doan was to be employed as treasurer and general manager of' a corporation such relation could not exist until the corporation was formed; and the promise did not bind - the corporation for it did not exist and did not bind Doan because the corporation was not bound. This assumption ignores the fact, abundantly shown by the contract, that a present partnership was formed by the contracting parties to be succeeded by a corporation within a reasonable time; that Rogan on his part was bound, as between him and Doan, and whether the anticipated corporation was also bound is not of consequence. It is not important that the contract con *386 templated another more formal contract, and that to be made with another party. It was well understood that Rogan was to become the owner of substantially all the stock of the Rogan company, and he did so become the owner. His interest in having the contract performed, therefore, is quite the same, in a controversy between him and Doan founded upon the contract, as though it had been provided that the business should be conducted without the substitution of a corporation.
The presence in the contract of a stipulation as to the manner of organization of the contemplated corporation, whom the officers should be and what their compensation should be, and how the business should be managed, can not have the effect to render the contract void or illegal. The corporation was to be organized for the conduct of a specific business; the parties to the contract were to have the entire control of the corporation when formed save that one share would be owned by a fifth person, this simply to make the organization conform to the statute. A contract looking to this result would not be against public policy for, as held in King v. Barnes, 109 N. Y., 267, “there is no principle of public policy which forbids competent parties from entering into an agreement to form a corporation and providing for its future management and control, if the corporation is created according to statutory requirements, and the objects contemplated are lawful and proper.” Nor is it any objection to the contract that it is a mutual agreement to become shareholders in a corporation thereafter to be formed. Such contracts are of constant occurrence and their legality is not *387 now doubted. Indeed the organization of corporations can hardly be conveniently effected without them.
2. Damages. The twelfth clause of the contract is the part to which attention is directed. That is: “Twelfth: That if either Seth H. Doan, Dudley J. Mahon or Conrad Roth, shall ■ sever their connection with said temporary partnership or said corporation without the consent of Michael J. Rogan and within three years from this date the person so offending shall pay said Michael J. Rogan the sum of one thousand dollars as his liquidated damages.” There is no other act against the consequences of which as to damages there is any provision in the contract, and this fact sufficiently distinguishes this case from Berry v. Wisdom, 3 Ohio St., 241,’ much relied upon by counsel for plaintiff in error.
The practice of courts of equity, in a proper case made, even in one where the parties have used the term liquidated damages, to construe such provision as a penalty only, and then grant relief, was based upon the power of such courts to relieve against forfeitures generally, and especially for non-payment of money, for forfeitures were said to be abhorred in equity, but such practice affords no warrant for courts of law to treat as invalid a reasonable stipulation, deliberately entered into by parties in every sense sui juris, providing a certain sum as the just and appropriate amount of the damages following the breach of the agreement to do or omit to do a particular act, for to do so would be to make a new covenant for the parties, which the court may not do. And *388 we understand the rule, generally recognized and enforced, to be that while courts will not construe contracts in a way authorizing recovery for liquidated damages simply because the parties have used that term in the agreement, yet, where parties to a contract have in terms provided that the damages of the injured party for some particular breach, or for a total breach of the contract, shall be a certain sum' specified as liquidated damages, and it .is apparent that damages for such breach would be uncertain as to amount and difficult of proof, and the contract taken as a whole is not so manifestly unreasonable and disproportioned as to justify the conclusion that it does not truly express the intention of the parties but is consistent with the conclusion that it was their intention,that damages in the amount stated should flow from such breach, it is the duty of courts of law to give effect to the plainly expressed will of the contracting parties, for as stated in Dwinel v. Brown, 54 Me., 468, quoted with approval in Knox Rock Blasting Co. v. The Grafton Stone Co., 64 Ohio St., 361: “The parties themselves best know what their expectations are in regard to the advantages of their undertaking and the damages attendant on its failure, and when they have mutually agreed on the amount of such damages in good faith and without illegality, it is as much the duty of the court to enforce that agreement as it is the other provisions of the contract.” And as held, of like tenor, in Sun P. & P. Ass’n v. Moore, 183 U. S., 642, a case involving the question of liquidated damages: “From a critical examination of all these cases and others that might be referred to, it will be found *389 that the business of the court, in construing this clause of the agreement, as in respect to every other part thereof, is to inquire after the meaning and intent of the parties; and when that is clearly ascertained from the terms and language used, it must be carried into effect. A court of law possesses no dispensing power; it can not inquire whether the parties have acted wisely or rashly in respect to any stipulation they may have thought proper to introduce into their agreements. If they are competent to contract within the prudential rules the law has fixed as to parties, and there has been no fraud, circumvention or illegality in the case, the court is bound to enforce the agreement.” And as held, of like tenor, in Bagley v. Peddie, 16 N. Y., 469: “If independently of the stipulated damages, the damages would be .wholly uncertain and incapable of being ascertained except by conjecture, in such case the damages will be considered liquidated if they are so denominated in the instrument; if the language of the parties evince a clear and understood intention to fix the sum mentioned as liquidated damages in case of default of performance of some act agreed to be done, then the court will enforce the contract if legal in other respects.”
Without rehearsing the testimony it is made entirely clear by a consideration of the contract itself that the alleged breach by Doan would necessarily prove a serious damage to Rogan. He was made dependent almost wholly on .the other parties to the contract for the intelligent and businesslike management of the business, and especially relied upon Doan.' He was also under obligation *390 to perform the contract with the other two contracting parties. They had left other employment and were thus dependent upon Rogan, and good faith required that he go on with the enterprise on their account. It is equally clear that the amount of such damage would be exceedingly difficult of a demonstration by proof. Nor does the stipulation seem so disproportionate to the possible damage as to justify the belief that the parties did not intend the exact result as to damages which the terms of the contract import. We are of opinion that clause twelve is not a penalty and should be construed as justifying liquidated damages.
It is insisted that it is impossible to believe the parties intended the sum named to be liquidated damages because the severing of his connection by either of the three persons mentioned three days before the contract would expire would be as complete a breach as would such' severance the day after the execution of the contract; that is, the amount would be forfeited whether the breach were for three days or three years. It would seem sufficient answer to this contention to say that the event suggested would be too improbable a contingency to cause the possibility of- its occurrence to enter into the case; at least it is not of sufficient gravity to destroy the efficacy of the provision for damages for the breach which actually did occur.
Other authorities cited by the counsel, to a greater or less extent supporting the conclusions here announced, will be found collected in their proper place.
*391 Counsel for defendant' in error have given us as an addenda to their brief the opinion of the circuit court, by Winch, J., (not as yet published), which we have found helpful and which justifies a briefer treatment of the case by this court than might otherwise be deemed advisable.
The judgment of the circuit court reversing" that of the common pleas and rendering final judgment for Rogan will be

Affirmed.

Crew, C. J., Summers, Davis, Shaucjc and Price, JJ., concur.