**LOUISVILLE AND JEFFERSON COUNTY BOARD OF ZONING ADJUSTMENT, Movant,**

v.

**JOSEPH C. HOFGESANG SAND COMPANY, INC., Respondent.**

Supreme Court of Kentucky.

May 26, 1981.

Alex F. Talbott, Arthur Daniel Kelly, Louisville, for movant.

Ben B. Hardy, Louisville, for respondent.

STEPHENS, Justice.

This case involves the forfeiture of a bond given by Joseph C. Hofgesang Sand Company, Inc., (hereinafter Hofgesang) to the Louisville and Jefferson County Board of Zoning Adjustment, (hereinafter Board). The principal issue on appeal is whether the sum of $120,000 stipulated in the bond is recoverable in its full amount, or whether the Planning and Zoning Commission is entitled only to its actual damages.

The execution of the bond by Hofgesang, in 1967, was one of several conditions imposed by the Board for the issuance of a conditional-use permit to Hofgesang for the operation of a sanitary landfill in Jefferson County. The zoning regulation which authorized the bond provided that it would be a guarantee of the principal's strict compliance with the conditions and requirements set forth in the zoning regulations relating to the operation of landfills. A real estate mortgage on the property owned by Hofgesang secured the bond. Both the bond and mortgage contained similar language, declaring that Hofgesang would comply with all the conditions and regulations and was firmly bound in the penal sum of $120,000, and that the penal bond in the sum of $120,000 secured the faithful performance of the regulations and conditions.

In 1973, the conditional-use permit was revoked pursuant to KRS 100.237(4), after it was discovered that Hofgesang was receiving and dumping toxic liquid waste into the landfill and was engaging in other hazardous activities prohibited by local regulations and hence by the conditions upon

which the permit was granted. Shortly after the revocation was upheld on appeal, the Board, as holder of a mortgage on the landfill tract, was added as a party to a condemnation suit against Hofgesang, instituted by Jefferson County, which hoped to build a floodwall on a portion of the tract. The Board immediately cross-claimed against Hofgesang and filed a motion for summary judgment seeking forfeiture of the entire amount of the mortgage bond. On October 24, 1977, this motion for summary judgment was granted.

The Court of Appeals reversed and remanded the case back to the circuit court for the taking of more evidence. Although agreeing that the question of the breach of permit conditions was not in issue, the Court of Appeals thought that there still existed genuine issues on the nature and enforceability of the bond. The court interpreted the cases of *American Book Co. v. Wells*, Ky., 83 S.W. 622 (1904) and *Commonwealth v. Ginn*, 111 Ky. 110, 63 S.W. 467 (1901), to hold that Kentucky law requires an evaluation of the parties' intentions before the extent of the liability on the bond may be determined. The court opined that if it was found that the parties intended a mere penalty, then the recovery of the non-defaulting party is limited to his actual damages. If the sum specified is meant as liquidated damages, then the full amount is recoverable only if it is reasonable and actual loss would be difficult to ascertain.

■ We believe that the Court of Appeals has misinterpreted the applicable law. As a general rule where a bond is given to a public body as a condition of a license or as a condition of compliance with the law, upon a breach, the full penalty of such bond may be recovered, in the absence of express or implied provisions to the contrary in the statute or ordinance that prescribes the bond, or in the bond itself. The rule holds regardless of the intent of the parties. *United States v. Zerbey*, 271 U.S. 332, 46 S.Ct. 532, 70 L.Ed. 973 (1926), *City of Paducah v. Jones*, 126 Ky. 809, 104 S.W. 971 (1907), *American Book Co. v. Wells, supra, Commonwealth v. Ginn, supra.*

In the instant case, the bond executed by the parties describes the sum of $120,000 as a penal sum. According to the terms of the bond, the principal is obligated to pay the sum of $120,000, unless he complies with all the regulations and conditions of the conditional-use permit.

"NOW, THEREFORE, the condition of this obligation is such that if the Principal shall perform said excavating and back-filling operation in accordance with the conditions of said application and approval then this obligation shall be null and void; otherwise to remain in full force and effect."

The mortgage, which secures the bond, reiterates the same terms and conditions. The purpose of the mortgage is set forth in the instrument, as follows:

"1. That the mortgagor has this day executed a penal bond to the mortgagee in the sum of $120,000 to secure its faithful performance of all regulations and conditions set forth in the application and approval thereof for conditional use to permit an excavation and provide a landfill area for an industrial and sanitary dump on the above described property bearing Docket No. B–30–67 of the Board of Zoning Adjustment."

The zoning ordinance, sec. 30, entitled "Conditional Uses," pursuant to which the bond was required supports this interpretation. The provision relating to the bond reads as follows:

"5. *GUARANTEE*:
To insure the strict compliance with all the above conditions and requirements, the applicant shall deposit with the Board cash or a certified check, or execute a bond with a corporate surety authorized to do a surety business in Kentucky. The amount of the cash, certified check, or bond shall be listed below for each acre, or portion thereof, of the site where the excavation or filling operation is located."

It must be presumed that the parties understood the terms of the agreement clearly set forth in the instruments of that agreement.

In deference to the opinion of the Court of Appeals, we note that the decision in *Commonwealth v. Ginn, supra,* does make mention that the determination of whether damages are liquidated depends on the intent of the parties and the ability to ascertain actual damages. But the true import of the opinion was clarified in the later cases of *Jones, supra,* and *Wells, supra.* In *Jones* it was stated:

> "The bond executed by a licensee is nothing more than security that he will obey the law. The sureties in the bond bind themselves that he will do this. It is on their part a contract obligation; and, if the bond is broken, as between them and the licensing authorities, they are liable for the sum stipulated in it. The question of the amount of damages caused by the violation of the law by the principal does not and cannot, enter into the question. It is not contemplated that the recovery should be for any less sum than that fixed. It would be totally impracticable if not impossible in an action by the city on the bond to arrive at any measure of damage, except the amount stipulated. In an action upon a bond properly executed, the only legitimate subject of inquiry is whether or not the sureties by the letter of their undertaking agree that they will pay a certain sum . . . ."

*Id.* at 975.

In the present action it would be a practical impossibility for the Board to prove its damages. But the purpose of the $120,000 sum is not really to pay damages. It is a penalty imposed upon whose who breach the conditions of their permit. Hofgesang has no automatic right to operate a sanitary landfill. It is a privilege conferred upon them by the Board. The Board, as grantor of the permit, has the right to determine the conditions of the privilege and the $120,000 penal sum is insurance that these conditions will be met.

When Hofgesang breached the condition of the bond, it forfeited the $120,000.

The decision of the Court of Appeals is reversed and the summary judgment granted by the Circuit Court is affirmed.

All concur, except STERNBERG, J., who dissents.