**AMERICAN DRUGGISTS INSURANCE COMPANY, Appellant,**

v.

**COMMONWEALTH of Kentucky DEPARTMENT FOR NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION and Mideastern Construction and Coal Corporation, Appellees.**

Court of Appeals of Kentucky.

Nov. 11, 1983.

Case Ordered Published by Court of Appeals Dec. 23, 1983.

Rehearing Denied Jan. 13, 1984.

Discretionary Review Denied by Supreme Court June 27, 1984.

Don Duff, Smith & Duff, Frankfort, for appellant.

Iris S. Nickell, Frankfort, for appellee Com. Dept. for Natural Resources and Environmental Protection.

Before DUNN, HOWARD and Mc-DONALD, JJ.

HOWARD, Judge.

The appellant surety company appeals from a judgment ordering forfeiture of a $25,000.00 reclamation bond furnished by it to the appellee department on behalf of the appellee surface mining permittee.

On or about June 15, 1978, Mideastern Construction and Coal Corporation ("Mideastern"), as principal, and American Druggists Insurance Company ("appellant") as surety, executed and delivered to the De-

partment for Natural Resources and Environmental Protection ("Department") a $25,000.00 bond covering coal mining operations on fifty acres of land in Laurel County. This mining was to be done in compliance with strip-mining laws and regulations under permit No. 063–0006 issued by the Department on August 18, 1978.

An inspector for the Department inspected the mining site on December 18, 1979, and issued a notice of noncompliance to Mideastern for failure to comply with reclamation standards. About three months later, the Department and Mideastern entered into a written settlement agreement in which Mideastern agreed to complete reclamation on the site by April 20, 1980. However, by May 1, 1980, Mideastern had not carried out the terms of the agreement and the Department issued a second notice of noncompliance and order for remedial measures.

On August 28, 1980, the Department filed an administrative complaint against Mideastern and the appellant, in which it sought permit revocation, bond forfeiture and the assessment of civil penalties. An administrative hearing was held on October 6, 1980, at which time the Department heard evidence as to the present condition of the mining site. Based on that evidence, on May 13, 1981, an order was entered by the Department revoking the mining permit, forfeiting the entire $25,000.00 bond and assessing a civil penalty against Mideastern.

The appellant filed a petition for review and appeal in Franklin Circuit Court. On December 22, 1982, the trial court entered an order and judgment affirming the order of the Department and dismissing the appellant's appeal. It is from this order the appellant now appeals. We affirm.

The appellant initially argues that the acts of the Department in negotiating and entering into a separate agreement with Mideastern, to which the appellant surety was not a party, has relieved the appellant of liability upon Mideastern's breach. The agreement, though, simply stated that Mideastern admitted its noncompliance with the Department's rules and regulations and that it agreed to complete necessary reclamation in addition to paying a $1,000.00 fine. The agreement further provided that:

> Failure by the Company to comply with the terms of this settlement order shall be grounds for the Department to seek all appropriate administrative and judicial remedies to which it may appear entitled.

The appellant claims that this agreement has exonerated it of liability with respect to the acts which were the subject of the agreement. In support of its argument, the appellant cites *Bradford v. Union Trust Co.*, 242 Ky. 709, 47 S.W.2d 536 (1932), for the proposition that a new binding contract releases a surety from liability. Contrary to the appellant's interpretation of *Bradford*, there the Court refused to release the surety, holding that "... a mere proposition to give time ... on certain conditions and contingencies ... will not discharge the sureties." *Id.* 47 S.W.2d at 538. This is comparable to the agreement here which merely allowed Mideastern a certain period of time to comply with regulations it was already obligated, under the original permit and bond, to follow.

Further, the appellant's claims must be tested "under the law as it applies to a bond executed by one engaged in the 'surety business'." *Ferguson Contract Co. v. Charles E. Story Const. Co.*, Ky., 417 S.W.2d 228 (1967). In *Ferguson*, the Court held that:

> One engaged in the surety business is not released from liability on a bond which it signs when the alteration of the contract was not material, did not affect the substance of the contract and did not increase the risk or responsibility of the surety.

Here, as in *Ferguson*, the appellant surety has failed to show injury caused by the executed settlement agreement. The appellant's risk under the original bond was not increased and there was no prejudice to the appellant by the agreement. The ap-

pellant contracted, as surety, to pay to the Department $25,000.00 if Mideastern failed to perform the requirements of its permit. The subsequent settlement agreement in no way altered this surety contract. Lacking any such alteration or material variance, the appellant's claim of exoneration must fail. *Id.* at 231.

■ The appellant's second argument is that the Department is not entitled to forfeiture of the entire amount of the bond. Contrary to the established policy and practice of the Department, the appellant contends that the amount forfeited should bear some "reasonable relationship and ratio" to the extent and area reclaimed. That the appellant did not execute the surety bond with this interpretation in mind is evidenced by the closing paragraph of the bond contract:

> Now if said Mideastern ..., as principal, shall faithfully perform *all* the requirements of the above designed application, the permit issued pursuant thereto, and the applicable laws, rules and regulations then this obligation shall be released; *otherwise it is agreed that said penal sum* shall be paid to the ... Department, upon receipt of an Order of forfeiture. [Emphasis added.]

The language states clearly that *all* reclamation requirements must be performed, otherwise the entire bonded sum will be forfeited.

The appellant, however, claims that the bond is a "performance" bond and not a "penal" bond and that it is, therefore, not a penalty vehicle but merely available to secure the performance of reclamation. The present statutory provision, KRS 350.-060(14), plainly states that:

> The operator shall file with the cabinet a bond payable to the Commonwealth of Kentucky with surety satisfactory to the Department in the *penal sum* to be determined by the cabinet ... conditioned upon the faithful performance of the ... rules and regulations of the cabinet. [Emphasis added.]

This provision is essentially the same as the former KRS 350.060(9) cited by the Department as being in effect at the time the bond and permit were issued. To interpret this statute contrary to its plain meaning would place an insurmountable burden on the Department in issuing permits and bonds. It is unrealistic to contend that under a fifty-acre permit the Department could divide the site proportionally as to reclamation efforts.

We agree with the Department's assertion that this issue was previously disposed of by the Kentucky Supreme Court in *Louisville and Jefferson County Board of Zoning Adjustment v. Joseph C. Hofgesang Sand Company, Inc.*, Ky., 617 S.W.2d 40 (1981). In that case, the Supreme Court held that:

> ... [W]here a bond is given to a public body as a condition of a license or as a condition of compliance with the law, upon a breach, the full penalty of such bond may be recovered....

The appellant claims that this rule does not apply to it because of "express or implied provisions to the contrary" in KRS Chapter 350. We do not find any such contrary provisions in the statute. In *Hofgesang*, the Supreme Court made it clear that when bonds are given to a public body, like the Department here, and the obligations of the bond are broken, then it is not contemplated that the recovery should be "for any less sum than that fixed." *Id.* at 42. The Department and the trial court did not err in forfeiting the total bond.

■ The appellant also argues that it should have been afforded the opportunity to perform the reclamation in lieu of total bond forfeiture. The appellant directs the Court to *Continental Casualty Company v. L.G. Wasson Coal Mining Corporation*, Ky., 407 S.W.2d 426 (1966), in which a surety was permitted to complete construction of a portion of a highway when the contractor defaulted on its contract. However, in that case, the contractor and the surety executed an express contract providing that the surety could complete the principal's obligations by undertaking the remaining construction to prevent forfeiture of a substantial bond. That agreement

was approved by the Department of Highways. Here, there was no such agreement or approval. The Department was therefore under no obligation to allow the appellant to attempt to perform the reclamation required.

■ The appellant's final argument is that the order of the Department was issued contrary to the law and is therefore invalid. The sole support of this contention is KRS 224.081 (now KRS 224.083(1)) which provides that a hearing officer shall have thirty days after the conclusion of a hearing to make a report and recommendation to the secretary of the Department. In this case the hearing was concluded on October 6, 1980, but the required report was not made until April 30, 1981. We agree with the appellant that the hearing officer did not strictly adhere to the statutory language but find this failure to be harmless error. The appellant did not request or demand the hearing officer to file his report and the parties' rights were not impaired by the delay. Accordingly, we admonish this tardy practice and encourage more prompt action by hearing officers, but in this particular case we find that any error was harmless and may be disregarded. *Blair v. Day*, Ky.App., 600 S.W.2d 477 (1979).

For the above reasons, the judgment of the Franklin Circuit Court is hereby affirmed.

All concur.