## BROOKS v. CITY OF WICHITA et al.

### (Circuit Court of Appeals, Eighth Circuit. March 3, 1902.)

### No. 1,636.

1. DAMAGES—BREACH OF CONTRACT WITH CITY—PROVISION FOR LIQUIDATED DAMAGES.

By reason of the fact that a city in its corporate capacity does not suffer any loss or damage from the breach of a contract by which a private corporation has agreed to furnish a public utility for the benefit of the inhabitants, and that the inconvenience and loss to the public from such breach are too remote and speculative to furnish a basis for the recovery of damages, it is competent for the parties to fix the measure of damages in the contract itself, and provisions of a contract to furnish electric lights that, if they are not furnished by the time agreed, a sum deposited with the city shall be forfeited as liquidated damages, "for the reason that the actual damages * * * cannot be definitely or accurately ascertained," and that it shall not be considered as a penalty, show that the parties had knowledge of such rules of law, and clearly intended what their language expressed; and such provision will be enforced, where the lights were never furnished.

2. SAME—CONTRACT FOR LIQUIDATED DAMAGES—POWER OF EQUITY TO RELIEVE AGAINST.

A court of equity cannot, more than a court of law, relieve a party from his obligation to pay liquidated damages, where it has been determined that the damages are liquidated, and that the provision is not for a penalty.

Appeal from the Circuit Court of the United States for the District of Kansas.

On the 23d day of September, 1898, the Wichita Railway, Light & Power Company entered into a contract with the city of Wichita by which it agreed to furnish the city with 150 arc lights of the standard of 2,000 candle power, and to have the same "in operation by April 1st, 1899." The contract contained the following provisions: "And it is further agreed that in the even*

that the said first party shall fail to furnish and put in operation for the use of the said city the one hundred and fifty (150) arc lights before referred to by the first day of April, 1899, then it is agreed that the said first party is to forfeit and pay to said second party, as liquidated damages, and not as a penalty, the sum of ten thousand (10,000) dollars now on deposit with the city treasurer of the city of Wichita. It is further agreed that the ten thousand dollars ($10,000) is to be treated as liquidated damages in case of a breach of this contract, for the reason that the actual damages sustained by the said city in case of a breach of this contract cannot be definitely or accurately estimated or computed. And it is further agreed and understood that, as a part of the consideration of this contract, the sum of ten thousand dollars ($10,000) has been deposited with the city treasurer of the city of Wichita, as a guaranty that the said first party shall begin to furnish lights herein contracted for by the first day of April, 1899; the said sum of ten thousand dollars ($10,000) to be treated, as hereinbefore set forth, as liquidated damages, and not as a penalty; and further conditioned to pay the second party all damages, penalties, and forfeitures that may arise under this contract in case of the first party's failure to perform its part of the same by April 1st, 1899." The $10,000 was deposited with the city treasurer as recited in the contract, The company never furnished and put in operation the 150 arc lights, or any of them. The appellant, Francis A. Brooks brought this bill in equity against the city and the Wichita Railway, Light & Power Company to recover the $10,000 deposited in the treasury of the city under the contract, alleging he had furnished the company the money to make the deposit, and was the equitable owner thereof; admitted the company did not put the arc lights in operation, but denied that the money was thereby forfeited to the city under the contract; and prayed "that the said city of Wichita may be ordered and decreed to account with him for so much of the money deposited with it by him in September, 1898, as is not required to meet and satisfy the damages, loss, or injury caused to or sustained by said city, if any there was, by reason of the failure of said railway, light, and power company to keep and perform the contract made by it as aforesaid." A demurrer to the bill was sustained, and the bill dismissed "without prejudice to an action at law," and the plaintiff appealed to this court.

Kos Harris, for appellant.

A. E. Helm (David Smyth and C. V. Ferguson, on the brief), for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Waiving any consideration of the question of equitable jurisdiction, concerning which there may be some doubt, owing to the equitable character of the plaintiff's alleged claim to the fund, we will proceed to dispose of the case on its merits.

By the express terms of the contract, if the 150 arc lights were not put up and in operation within the time limited, the company was to forfeit and pay to the city, "as liquidated damages, and not as a penalty, the sum of ten thousand dollars now on deposit with the city treasurer of the city of Wichita." Cases of penal bonds between private persons, where the damages resulting from a breach are readily ascertainable, have no application to this case. A city is a public corporation designed for local government. It is an agency of the state to assist in the civil government of the territory and people of the state embraced within its limits. It has no private interests. It is a public agency, and acts for the public; and when it contracts for the

establishment and maintenance by a private corporation of waterworks, gas or electric lights, street railroads, and other like public utilities, it does so in the performance of its public functions, and for the purpose of promoting the convenience and preserving the health of its citizens, and protecting them in their persons and property. And when a private corporation which has engaged with the city to construct and maintain one of these public utilities—as in the case at bar, to light the public streets of the city—fails to comply with its contract in that regard, the city, in its corporate capacity, does not suffer any loss or damage capable of judicial ascertainment. Nor is the inconvenience and loss suffered by the public, on whose behalf and for whose benefit and protection the contract was made, capable of ascertainment. The loss and damage sustained by the public, however great it may be, in the loss of health or life or the destruction of property, is too remote, conjectural, and speculative to be made the basis of recovery in such cases. Clark v. Barnard, 108 U. S. 436, 459, 460, 2 Sup. Ct. 878, 27 L. Ed. 780. For this reason it is common for municipal corporations, in making contracts of this character, to stipulate for the payment of a fixed sum as liquidated damages in case the public utility is not constructed and put in operation within the time limited by the contract. Nilson v. Town of Jonesboro, 57 Ark. 168, 20 S. W. 1093. This is the only method by which the city can obtain anything like an adequate compensation for the loss and damage sustained by the public by the breach of such a contract. The sum forfeited as liquidated damages goes into the treasury, and inures to the benefit of the public. The contract in this case does not stop with declaring that the sum of $10,000 has been agreed upon between the parties as liquidated damages in case of its breach, but it contains the further and somewhat unusual provision that they have agreed upon this sum "for the reason that the actual damages sustained by the said city in case of a breach of this contract cannot be definitely or accurately ascertained or computed." This clause of the contract evinces a knowledge on the part of the contracting parties of the rules of law to which we have adverted, and which preclude a city from recovering substantial damages in this class of cases unless they are liquidated by the agreement of the parties. It was the knowledge of this fact that led the parties to this contract to agree on the damages for its breach, and this is conclusive evidence that they intended what they expressed in their contract, namely, that the sum agreed upon was "liquidated damages, and not a penalty." If this provision of the contract does not mean what it says, then it does not mean anything; and, when the company failed to put up and operate the arc lights within the time limited by the contract, all that remained to be done was for the city to cancel the contract, and hand back to the company the $10,000 it had been at such pains to exact. Such an interpretation of the contract violates the clearly expressed and actual intention of the parties, is in the teeth of its plain provisions, and makes the deposit of the $10,000 a vain and useless act.

The law on the subject of liquidated damages and penalties has recently received great consideration at the hands of the supreme court, in the case of Association v. Moore (Oct. term, 1901) 22 Sup. Ct. 240,

46 L. Ed. ——. After a very extended review of the authorities on the subject, the court declares:

"The decisions of this court on the doctrine of liquidated damages and penalties lend no support to the contention that parties may not, bona fide, in a case where the damages are of an uncertain nature, estimate and agree upon the measure of damages which may be sustained from the breach of an agreement. On the contrary, this court has consistently maintained the principle that the intention of the parties is to be arrived at by a proper construction of the agreement made between them, and that whether a particular stipulation to pay a sum of money is to be treated as a penalty, or as an agreed ascertainment of damages, is to be determined by the contract, fairly construed; it being the duty of the court, always, where the damages are uncertain and have been liquidated by an agreement, to enforce the contract."

And the court quotes approvingly from the case of Bagley v. Peddie, 16 N. Y. 469, 471, 69 Am. Dec. 713, these two rules:

"Sixth. If, independently of the stipulated damages, the damages would be wholly uncertain, and incapable of being ascertained except by conjecture, in such case the damages will be considered liquidated if they are so denominated in the instrument. Seventh. If the language of the parties evinces a clear and undoubted intention to fix the sum mentioned as liquidated damages in case of default of performance of some act agreed to be done, then the court will enforce the contract, if legal in other respects."

The case at bar falls directly within the doctrine of the supreme court in this case, and is, moreover, in principle, on all fours with the case of Clark v. Barnard, supra.

It is needless to say that a court of equity, no more than a court of law, can relieve a party from his obligation to pay liquidated damages. When it is once settled that the damages are liquidated, it is then settled that they are not a penalty. A court of equity can no more relieve from the obligation to pay liquidated damages than it can relieve from the obligation to pay a promissory note executed upon sufficient consideration.

The decree in the case should be that the plaintiff's bill be dismissed for want of equity, and, as thus modified, the decree of the circuit court is affirmed.