WOOD et al. v. NIAGARA FALLS PAPER CO.

(Circuit Court of Appeals, Second Circuit. February 25, 1903.)

No. 57.

1. CONTRACTS—TIME—FAILURE TO COMPLETE—LIQUIDATED DAMAGES—ACTUAL
   DAMAGES—EVIDENCE.
   A contract for the purchase of machinery to be erected on defendant's
   premises provided that in case the turbines were not completed by Oc-
   tober 1, 1896, plaintiffs would pay defendant, as liquidated damages, $100
   per day for each day beyond that time both turbines should remain un-
   completed, and $50 for each day either one should remain uncompleted.
   *Held*, that such stipulated damages could not be construed as a penalty,
   and hence plaintiffs could not defeat or reduce the recovery thereof by
   showing that defendant sustained no actual loss by the delay.

In Error to the Circuit Court of the United States for the South-
ern District of New York.

Henry G. Ward, for plaintiffs in error.

Chas. P. Howland, for defendant in error.

Before WALLACE and COXE, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the plain-
tiffs in the court below to review a judgment for the defendant en-
tered upon the verdict of a jury. The action was brought to re-
cover the balance of the purchase price of two turbines, with shafts,
bearings, and wheels, erected by the plaintiffs on the premises of
the defendant pursuant to a contract which, among other things,
provided that in case the erection of the turbines was not completed
by October 1, 1896, the plaintiffs would pay the defendant, as liqui-
dated damages, $100 per day for each day beyond that time both
should remain uncompleted, and $50 for each day either one should
remain uncompleted. The defense to the action was that one of
the turbines was not completed until November 9, 1896, and the
other was not until November 13, 1896, whereby the plaintiffs be-
came liable to pay the defendant damages which at the stipulated sum
were in excess of the unpaid purchase price.

The defendant, at the time the contract for the turbines was made,
was engaged in making additions to its manufacturing plant and in-
stalling new machinery, and the turbines were designed to double the
power of its mill. Because of the unreadiness of the turbines, the de-
fendant was unable to operate or test its new plant and machinery.
It was conceded that one of the wheels was not completed until No-
vember 9, and the other until November 13, 1896. By the verdict
the defendant was allowed to recover $50 a day for every day each
turbine remained uncompleted after the 1st of October.

Error is assigned of the rulings of the trial judge in excluding evi-
dence tending to show that the defendant suffered no appreciable dam-
age because of the delay in the completion of the turbines.

We think that the defendant was entitled to recover the damages
fixed by the contract, without making proof of any actual loss sus-
tained by it through the failure of the plaintiffs to complete the tur-

bines, and that the plaintiffs could not defeat or reduce the recovery by evidence showing that the defendant sustained no actual loss, and that the trial judge would have been justified in excluding any evidence offered by the plaintiffs to show that the defendant did not sustain any actual loss.

It is not disputed that in view of the subject-matter and nature of the agreement, and the difficulty of estimating the exact damages likely to be sustained by the defendant in the event of a breach by the plaintiffs, it was competent for the parties to agree upon a fixed sum as liquidated damages for a breach; nor is it disputed that by the contract they did so agree. It is urged, however, that when it is made to appear in an action for the breach that no actual damages have arisen, notwithstanding the parties have agreed upon stipulated damages, the party in default is entitled to be relieved. That proposition is not sanctioned by the weight of authority. On the contrary, according to authority which is controlling upon this court, the law is that the naming of a stipulated sum in such a contract, to be paid for the nonperformance of a covenant, is conclusive upon the parties in the absence of fraud or mutual mistake, and evidence aliunde in respect to the damages actually arising from the breach cannot be received.

Courts lean against the forfeitures, and towards construing such stipulations as penalties, instead of liquidated damages, when the amount on the face of the contract is out of all proportion to the possible loss. "The question of disproportion has been simply an element entering into the consideration of the question of what was the intent of the parties—whether bona fide to fix the damages, or to stipulate the payment of an arbitrary sum as a penalty by way of security." Sun Printing & Publishing Association v. Moore, 183 U. S. 642, 672, 22 Sup. Ct. 240, 252, 46 L. Ed. 366. In this case the Supreme Court explicitly disapproved the doctrine, asserted in some of the adjudged cases (Chicago Wrecking Co. v. United States, 45 C. C. A. 343, 106 Fed. 385, 53 L. R. A. 122; Gay Manufacturing Co. v. Camp, 13 C. C. A. 137, 65 Fed. 794, 25 U. S. App. 134), that, where actual damages can be assessed from testimony, the court can disregard any stipulation fixing the amount, and require proof of the damages sustained. The authorities are exhaustively reviewed in this decision, and any further citation is unnecessary.

The plaintiffs in error, to sustain their contention, cite McCann v. City of Albany, 158 N. Y. 634, 53 N. E. 673. That was a case in which the contract referred to the sum payable upon breach both as a "forfeit" and as "liquidated damages"; and the decision was placed upon the ground that, as it did not appear that there were any actual damages, the named sum was to be regarded as a penalty. In the present contract there was no room for construing the stipulated sum as a penalty.

The judgment is affirmed.