BOARD OF TRADE OF CITY OF CHICAGO v. CHRISTIE GRAIN & STOCK CO. et al.

(Circuit Court, W. D. Missouri. March 19, 1903.)

1. EXCHANGES — CONTRACT FOR DISTRIBUTION OF QUOTATIONS — LEGALITY OF RESTRICTIONS.

A contract between a board of trade, having a property right in the quotations made on its exchange, and a telegraph company, relating to the transmission and distribution of such quotations by the latter, is not in violation of the anti-trust act of 1890 (Act July 2, 1890, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]), as in restraint of trade and commerce, because of a provision that the quotations shall only be furnished to persons who sign an agreement to the effect that they shall not be used in the conduct of a bucket shop.

In Equity. On final hearing.
For former opinion, see 116 Fed. 944.

HOOK, District Judge. The only question of consequence presented at the final hearing which was not fully argued at the preliminary hearing is whether the arrangement between the board of trade and the telegraph companies is violative of the provisions of the Sherman act (Act July 2, 1890, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]). This proposition may be roughly stated as follows: The board of trade, having a property right in its quotations, contracted with the telegraph companies for their transmission and distribution by the latter; such transmission and distribution to be confined to persons who would sign an application embodying an agreement to the effect that the quotations should not be used in the conduct of an unlawful business, to wit, a bucket shop. Is such an arrangement an unlawful combination in restraint of trade and commerce, within the meaning of the act of July 2, 1890, popularly known as the "Sherman Anti-Trust Act"? I am of the opinion that it is not.

Let a final decree be prepared in conformity with the above, and the conclusions heretofore announced in this case.