UNION PAC. R. CO. v. MITCHELL–CRITTENDEN TIE CO.

(Circuit Court of Appeals, Eighth Circuit. October 11, 1911.)

No. 3,576.

*(Syllabus by the Court.)*

1. DAMAGES. (§ 79*)—LIQUIDATED DAMAGES—CONSTRUCTION OF CONTRACT.

Where the amount of damages for the breach of a contract is uncertain and difficult of ascertainment, and an agreement is made which discloses the intention of the parties that a sum certain shall constitute the amount of the liquidated damages for the breach, the agreement will be enforced.

But where the contract fails to disclose such an intention, or leaves the intention of the parties in doubt, and the amount specified is unreasonable, the agreement will not be construed to be a contract for liquidated damages.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 79.*]

2. DAMAGES (§ 78*)—LIQUIDATED DAMAGES—CONSTRUCTION OF CONTRACT—FACTS—CONCLUSION.

Parties agreed that the vendor would sell and deliver to the vendee 400,000 cross-ties within an agreed time, that the vendee would pay during the succeeding month 90 per cent. of the value of the ties delivered each month, and that if the vendor failed to deliver the full quantity within the stipulated time the retained 10 per cent. of the contract price of those delivered should be applied in satisfaction of the liquidated damages of the vendee. The vendor delivered 378,392 ties, of the value of $95,606.26, but made default in the delivery of 21,608 ties.

*Held*, the contract was not that the retained 10 per cent. of the value of the ties delivered should constitute the amount of the liquidated damages of the vendee for the vendor's failure to deliver all the ties within the time agreed, but the agreement was that this 10 per cent. should be retained to secure, and, as soon as these damages were liquidated, should be applied to pay, the vendee's damages on account of the vendor's failure to deliver all the ties.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 78.*]

In Error to the Circuit Court of the United States for the Western District of Missouri.

Action by the Mitchell-Crittenden Tie Company against the Union Pacific Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

I. N. Watson (R. W. Blair and Douglass & Watson, on the brief), for plaintiff in error.

E. L. Scarritt (W. C. Scarritt and Elliott H. Jones, on the brief), for defendant in error.

Before SANBORN and SMITH, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. This is an action by the Tie Company to recover of the Railroad Company the unpaid balance of the value of 378,392 cross-ties which the plaintiff had sold and delivered to the defendant. At the trial the parties stipulated that the price and value of these ties was $95,606.26, that 90 per cent. of this amount had been paid, and that the remaining $9,560.62 had been retained by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Railroad Company. That company pleaded and claimed that it was not liable to pay this balance, because the ties were sold and 'delivered under a contract of the parties to the effect that the Tie Company should sell and deliver to the Railroad Company 400,000 cross-ties on or prior to an agreed date, that it failed to deliver 21,608 of these 400,000 ties within the time specified, and that the contract contained stipulations that 90 per cent. of the value of the ties delivered each month should be paid during the succeeding month, that the remaining 10 per cent. should be retained until all the contracted ties were delivered, when it should be paid to the Tie Company, and that:

"In case default is made by the party of the first part in delivery of the full quantity of cross-ties herein contracted for at the time specified, the 10 per cent. of contract price retained shall be applied by party of the second part in satisfaction of its liquidated damages."

No evidence of the actual damages sustained by the Railroad Company on account of the failure to deliver the 21,608 ties was introduced or offered, and the court instructed the jury to return a verdict for the plaintiff for the $9,560.62 and interest.

[1] Counsel for the Railroad Company contend that this ruling was erroneous, because the clause of the contract recited was an agreement that the retained 10 per cent. of the value of the ties delivered should constitute the liquidated damages of that company for the failure of the Tie Company to deliver the 21,608 ties, and because there was no evidence of the value of the ties delivered. They discuss with learning and ability, and review some authorities upon, the question when an agreement that a sum certain shall constitute liquidated damages for the breach of a contract is enforceable and when it is futile. The opinion of this court upon that question may be found in Brooks v. City of Wichita, 114 Fed. 297, 299, 52 C. C. A. 209, 211, Pressed Steel Car Co. v. Eastern Railway Co. of Minnesota, 121 Fed. 608, 619, 57 C. C. A. 635, 646, and Turner v. City of Fremont, 170 Fed. 259, 95 C. C. A. 455, to the effect that where the amount of the damages for the breach of a contract is uncertain and difficult of ascertainment, and the agreement discloses the intention of the parties to fix a sum certain as the liquidated damages, the contract will be enforced. But where the contract discloses no such intention, or leaves the intention of the parties in this regard in doubt, and the amount specified is out of all reasonable proportion to the actual damages sustained, the contract is not an agreement for liquidated damages. Van Buren v. Digges, 11 How. 461, 13 L. Ed. 771; Sun Printing & Publishing Ass'n v. Moore, 183 U. S. 642, 22 Sup. Ct. 240, 46 L. Ed. 366; Dakin v. Williams, 17 Wend. (N. Y.) 447; Bagley v. Peddie, 16 N. Y. 469, 69 Am. Dec. 713; Wood v. Niagara Falls Paper Co., 121 Fed. 818, 58 C. C. A. 256; Stephens v. Essex County Park Commission, 143 Fed. 844, 75 C. C. A. 60.

[2] The contract in hand contains no agreement that the retained 10 per cent. of the value of the cross-ties delivered should constitute or be considered the liquidated damages for the failure to deliver the entire 400,000 ties as agreed, and if such a stipulation had been made it would have fixed an unjust and unreasonable amount, an amount

smaller the greater the breach and greater the smaller the breach. If the Tie Company had delivered only 1,000, and had defaulted in the delivery of 399,000 ties, the amount stipulated by such an agreement would have been 10 per cent. of the value of 1,000 ties. If the Tie Company had delivered 399,000 ties, and had defaulted in the delivery of 1,000 ties, the amount thus stipulated would have been 10 per cent. of the value of 399,000 ties. It could not have been the intention of the parties to make such an agreement, for the presumption is that they intended to make a reasonable contract. The expressed terms of the agreement sustain this view. They are not that the retained 10 per cent. shall constitute the Railroad Company's liquidated damages in case of the Tie Company's default, but they are that this 10 per cent. shall be applied in satisfaction of that company's liquidated damages; that is to say, that it shall be retained to secure the payment of and when they are liquidated it shall be applied to the payment of the Railroad Company's damages in case of the Tie Company's default. As there was no evidence what damages, if any, the Railroad Company sustained by reason of the default of the Tie Company, the stipulation of the contract regarding the liquidated damages constituted no defense to the Tie Company's claim for the unpaid balance of the value of the ties it delivered. Nor can the contention that there was no evidence of the value of the ties delivered be sustained, because there was a written agreement of the parties introduced in evidence at the trial that their value was $95,606.26.

There was, therefore, no error in the court's direction to the jury to return a verdict for the Tie Company, and the judgment in its favor is affirmed.