### UNITED STATES v. ROSENTHAL et al.

(District Court, S. D. New York. January 13, 1914.)

ALIENS (§ 54*)—IMMIGRATION—BONDS—CONCLUSIVENESS.

Where a bond was given to secure the admission of a minor alien, conditioned that he should attend the regular terms of the public school until he arrived at the age of 16 years, or until April 1, 1913, the bond reciting that he was then 15 years old, and also requiring that the person requesting his admission should make quarterly reports of the alien's school attendance to the Commissioner of Immigration at the port of New York, the sureties were estopped by the bond to claim that the alien was in fact 16 years old when admitted, and they were liable on proof of his failure to attend school and failure to make reports as required.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

Action by the United States of America against Charles S. Rosenthal and Louis Rosenthal on an immigration bond. Judgment for the United States.

Frank M. Roosa, Asst. U. S. Atty., of New York City.
John M. Quinn, of New York City, for defendants.

HAND, District Judge. This is a suit upon a bond under the Immigration Law, which was given by the defendants to secure the attendance in school of one Joseph Isaac, an immigrant who was a minor. The Secretary of Commerce and Labor, in his discretion, decided to allow the alien to be admitted upon giving a suitable bond, containing among other conditions that he should attend the regular terms of the public school until he arrived at the age of 16 years, or until April 1, 1913. Another condition of the bond was that one Solomon Israel, who requested his admission, should, every three months during the period, send to the Commissioner of Immigration at the Port of New York written reports, stating that the alien had, during the preceding three months, attended school, and stating the name and condition of the school at which he had attended.

It is proved beyond any contradiction in this case, that the alien, who was admitted on the 13th of April, 1912, did not go to school until the 9th of December of that year, so that there was a clean breach of the first condition of the bond in that fact. Further than that, there was another breach in that Solomon Israel did not report every three months that the alien had been to school, and did not report at all.

There is a third question, which I am glad to say I have not to decide, and it is this: The boy went to school on December 9, 1912, and from December 15th of that year until April he worked in a cloakroom from 5 p. m. until 1 a. m. Now the second condition of the bond is this:

"That during the said period the said alien shall not engage in any employment or perform any work, or labor which shall interfere with regular attendance at school."

I myself am not prepared to say how I should hold, if the question were squarely presented to me, as to whether a boy, under 16 years of age, who worked until 1 a. m. in a cloakroom was not doing work which interfered with his regular attendance at school, even though it appeared that he actually did attend regularly at school. It is perfectly clear to me that that kind of labor ought to interfere with any boy's going to school. Whether it comes within the exact condition of the bond I do not know; it might be a good suggestion to the authorities as to the exact phraseology which might be adopted in the future in regard to such bonds. I am perfectly satisfied that no boy ought to be permitted, who is expected to go to school, to have any such hours, and I might be greatly embarrassed if I had to construe that exact language, where the language was "which shall interfere with the regular attendance at school," in case it were proved that, improper as it was, the alien actually did perform such labor and in addition go to school, because with that language I might have to hold that all that was required by the bond was actual attendance, however improper it might be. That question is not up in this case, and I make no indication about how I should decide it, except to throw it out as a suggestion.

But the other two conditions have certainly been violated; the government has proved that, and there is no dispute.

Now the only real question in the case is this: That the alien now comes on the stand, and in answer to my questions and those of Senator Quinn, he says that he was already 16 years of age at the time he came here. Well, if that were true, and had been so understood at the time, I suppose no bond would ever have been exacted from him, for it is quite clear that the bond only was to procure his attendance until he was 16 years. But the recital of the bond is to the contrary, because the recital says, "Whereas the said alien, Joseph Isaac, aged 15 years, a subject of Turkey, arrived," and so forth, has applied for admission, therefore the bond has been given. And, moreover, the bond would be obviously nonsense if the boy had already been 16 years of age, because it provided only that he should remain at school until he was 16 years of age, or until April 1, 1913, whichever of the two came first. The last words I interject, but that would be the construction that I would put on such a period. Now the defendants are therefore attempting, in this case, to deny the recitals in the bond itself. They have signed the bond, the bond is a formal instrument, and I think, certainly in an action at law upon the bond, they are estopped by it. That has been the rule with formal instruments from the earliest times, and, while the bond exists and is valid, I shall therefore hold that they are estopped by the recitals in the bond to say that the boy was not 15 years old when he came.

The result is that there must be judgment in this action. But if the fact actually was that the boy was 16 when he came, and they can make good that question in a suit in equity in which they must carry the burden of proof and satisfy some judge that the fact really was so, the contradictions in the boy's testimony being what they now are, then I think they ought to be relieved from the bond, and I am going to give them an opportunity to bring such a suit if they like. For that reason I will make this provision: Judgment will go as usual in the suit, but I will direct the clerk not to issue any execution on the judgment for a period of two weeks, we will say. That is time enough to make up your mind, surely.

Mr. Quinn: I should say 30 days. I suppose Mr. Rosenthal—

The Court: It is long enough to make up their minds.

Mr. Quinn: Yes.

The Court: I will direct the clerk not to issue any execution on the judgment for 10 days after the entry of judgment. If at that time defendants have filed a bill in equity in this court to be relieved of the bond or the judgment, which is the same thing, then no execution will issue until that suit is determined. If they do not file within the 10 days any such suit, the execution will go as of course.

Judgment may be entered in accordance with this decision.

I, therefore, direct a verdict for the United States.

The jury (of one), in accordance with the direction of the court, returned a verdict in favor of the plaintiff.