UNITED STATES v. RUBIN et al.

(District Court, E. D. Pennsylvania. May 19, 1916.)

No. 3794.

1. PLEADING ☞350(3)—MOTIONS—RULE FOR JUDGMENT FOR WANT OF SUFFICIENT AFFIDAVIT OF DEFENSE.

A rule for judgment for want of sufficient affidavit of defense is equivalent to a demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1075, 1077; Dec. Dig. ☞350(3).]

2. DAMAGES ☞79(1)—LIQUIDATED DAMAGES.

A provision in a bond fixing the amount of forfeiture will be considered as liquidated damages, against which equity will not relieve on breach, where the amount fixed is not unconscionable and the damages are incapable of actual measurement; but, if the amount is unconscionable, equity will grant relief.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 164; Dec. Dig. ☞79(1).]

3. DAMAGES ☞80(1)—LIQUIDATED DAMAGES—DECLARATIONS IN CONTRACT.

Though a forfeiture in a bond is termed liquidated damages, equity will grant relief where the amount fixed is unconscionable; but, if the transaction be near the border line between a penalty and liquidated damages, the declaration that it is intended as liquidated damages may govern.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 170–172; Dec. Dig. ☞80(1).]

4. DAMAGES ☞79(1)—LIQUIDATED DAMAGES—INDEMNITY BONDS.

Where the friends of an immigrant, who could not be received in the country, gave a bond so that they could care for him while he was awaiting deportation, and the bond contained several conditions, the single forfeiture prescribed will, in suit for breach of only one of them, be considered as a provision for liquidated damages, where the damages resulting from the breach are real and incapable of measurement, and the amount prescribed may be recovered.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 164; Dec. Dig. ☞79(1).]

At Law. Assumpsit by the United States against Simon Rubin and another. On hearing at trial without a jury. Judgment for plaintiff. See, also, 227 Fed. 938.

Robert J. Sterrett, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa.

William Linton and Harry A. Mackey, both of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. [1] This case is before the court a second time. The question now raised was presented on a rule for judgment for want of a sufficient affidavit of defense. This was the equivalent to all practical intents and purposes of a demurrer, and introduced, together with the legal merits of the question involved, a question of practice. It seemed to be the better practice to refuse judgment, and let the question be raised as a trial question. Such a practice has at least this merit: It saves the possibility of the same question being presented a second time to the appellate court. It also

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

saves the drawing of the sometimes fine line of distinction between an inference of fact and a conclusion of law. The question can now as a trial question be disposed of finally, and the finding made is both a verdict and a judgment. The evidentiary facts are not in dispute and have been stipulated. The alien concerned belongs to the absolutely excluded class. Negatively stated, he did not belong to the class, members of which might be admitted upon giving bond to indemnify the authorities against the alien becoming a public charge. In the regular order of procedure, and under ordinary conditions, he would have been deported. This was impracticable, because the country from which he came was at war. In consequence it was agreed that he should be placed in an institution for care and treatment. If this had been done, it would have afforded protection against the evils which the enforcement of an order of deportation would have afforded. The bond in suit was given, by which the defendants undertook to pay the United States $1,000 in case of default. Such default is admitted and the United States demands payment of the sum stipulated.

[2, 3] A feature, if not, indeed, the controlling feature, in cases of this kind, is whether the actual damages suffered are capable of admeasurement. If they are, then the payment of a stipulated sum not related to the actual damages partakes of the character of an arbitrary penalty, against the enforcement of which equity will relieve. When the damages are not so capable, and the stipulated sum is not unconscionable, and is within the limits of a fair and reasonable estimate of what the damages may well be, although definite proofs are not within reach, there the stipulated sum may not be regarded as a penalty. In a word, the enforcement of its payment would not be inequitable. Let it always be remembered the legal obligation is complete. Defendant can be relieved only in quity. If there is no equity in the application for relief, none should be accorded. There is sometimes, in these cases, a subsidiary question. There may be the added feature of an express agreement that the stipulated sum is agreed damage. The legal contract with this added feature may be as unconscionable as it would be without it, and obviously a court of equity may grant relief as readily in the one case as the other. No one seeking to secure the power to enforce an inequitable bargain can deprive a court of equity of its power to grant equitable relief. Such a stipulation does, however, enter into the equitable considerations involved. If the transaction were near the border line between arbitrary penalty and agreed liquidation of damages, such an agreement between the parties might become a deciding element in the case.

[4] When a bond has a single condition, the amount of the bond is the equivalent of an agreed liquidated sum. Where there are several conditions, it cannot be so assumed. In the absence of an agreed liquidation, the question of whether the damages can be definitely ascertained and established by proofs becomes a question of fact. On the rule for judgment this fact did not appear. Judgment was therefore, because of this, and for the practical reason before stated, refused. It now appears as a trial fact that damages, although real, are not such as can be admeasured. We are brought, in consequence, face to face

with this question. The plaintiffs agreed to pay the sum of $1,000 for the default which they admit. Should they in equity be relieved of this legal obligation? The conclusion that they should not be so relieved in the case of a bond such as this given to the United States is supported by the following cases: United States v. Lipkis (D. C.) 56 Fed. 427; United States v. Rosenthal (D. C.) 210 Fed. 555; Brooks v. Wichita, 114 Fed. 297, 52 C. C. A. 209; Clark v. Barnard, 108 U. S. 436, 2 Sup. Ct. 878, 27 L. Ed. 780; Illinois Surety Co. v. U. S., 229 Fed. 527, —— C. C. A. ——; Id., 229 Fed. 533, —— C. C. A. ——. Of these, the cases of Illinois Surety Co. v. United States, 229 Fed. 227, —— C. C. A. ——, and 229 Fed. 233, —— C. C. A. ——, are controlling and forbid further discussion.

The argument earnestly pressed upon our attention by counsel for defendants has for its basis (if, indeed, under the cases above cited, that will support it) the averment that this bond is the statutory bond prescribed by the act of Congress. This feature was discussed in the opinion rendered in disposing of the rule for judgment. To the view then expressed we adhere. It is confirmed by the ruling in the Illinois Surety Co. Cases, handed down since the former ruling in this case.

We have disposed of the case on the understanding that trial by jury has been waived, and that the case was heard by the court sitting without a jury by agreement, in accordance with the Revised Statutes, and that the facts admitted in the argument appear by stipulation. Mention is made of this, because such a stipulation in form is not actually before us.

The conclusion reached is embraced in the finding as a conclusion of law that the plaintiff is entitled to judgment for the sum of $1,000, with costs; and judgment is so rendered.