CASE 59—PETITION—SEPTEMBER 11.

# Kentucky Mutual Security Fund Company v. Logan's Adm'r.

### APPEAL FROM ALLEN CIRCUIT COURT.

1. VENUE OF ACTION.—An action against an incorporated insurance company, upon a contract of insurance made with an agent of the company, may be brought in the county in which the transaction with the agent took place.

    The fact that the policy sued on in this case shows that it was signed in Louisville (Jefferson county) can not be allowed to control the averment in the petition that the company, "through its duly and regularly authorized agent, in Allen county, Kentucky," issued to the insured a certificate of membership. ,

2. SAME—SERVICE OF SUMMONS.—Where the Code has localized an action against a corporation, or given the claimant the right to do so, summons may be served upon the chief officer or agent of the company wherever found in the State.

3. INSURANCE LAWS.—By the provision in defendant's charter, that "the said company being of a purely benevolent character, it shall not be subject to the laws of this State ·governing life insurance companies," it was not intended that it should be sued otherwise than as the law provides as to other insurance companies.

MARC MUNDY FOR APPELLANT.

1. Whether an action be *quasi* local, *quasi* transitory, or absolutely transitory, in order to entitle a plaintiff to a personal judgment, service of process must be had on the principal officer of defendant, or on its local agent, *in the county where the action is brought.* (Civil Code, secs. 51, 70, 71, 72, 78, 79; Raymond v. Reed, 16 B. M., 345; Dyas v. Lindsay, 4 Bush, 349; Ruby v. Grace, 2 Duv., 540; McGuiar v. Rudy, 7 Bush, 432; Fernald v. Speer, 3 Met., 459; McDermott v. Louisville, &c., R. Co., 11 Bush, 386; Howard v. Ins. Co., 13 B. M., 286; Adams Ex. Co. v. Crenshaw, 78 Ky., 136.)

2. Whether the defendant be classed as an insurance company or a benevolent society, section 10 of its charter exempts it from the operation of section 71 of the Civil Code in so far as that section, embraces insurance companies. Consequently, any action brought on the certificate of membership, it being but a simple contract, must be transitory, and can be brought in any circuit court in the State

Kentucky Mutual Security Fund Company v. Logan's Adm'r.

*where service of process can be had in that county on the chief officer of the company.*

3. Although the plaintiff alleged that the contract was made in Allen county, yet, as the allegation was contradicted by his exhibit, the exhibit must control.

THOMAS H. HINES FOR APPELLEE.

The Allen Circuit Court had jurisdiction of the action. (Civil Code, sec. 71; *Idem*, subsection 3 of section 51.)

F. W. MORANCY ON SAME SIDE.

1. As the "transaction" was with an agent of defendant in Allen county, the Allen Circuit Court had jurisdiction. Whether that agent was a local agent stationed permanently in Allen county is immaterial. (Civil Code, section 71.)

"Transaction" does not mean "policy" or "contract." It means the act of transacting or conducting any business or negotiation. It is, therefore, immaterial where the contract is dated or to be performed. (Pomeroy's Remedies, &c., sec. 473 and seq.)

2. Mutual Insurance Companies stand on the same footing as other companies. (Howard v. Ky. & Lou. Mutual Ins. Co., 13 B. M., 285.)

The policy sued on here is a contract for life insurance. (Sup. Commandery v. Ainsworth, 71 Ala , 436; s. c., 10 Amer. Corp. Cases, 1; State of Kansas v. Vigilance Ins. Co., 30 Kans., 585; s. c., 9 Amer. Corp. Cases. 364.)

3. Process was properly served in Jefferson county on the chief officer of the company in the State. (Civil Code, sec. 51, subsec. 3.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The only question to be considered is, whether the Allen Circuit Court had jurisdiction to render the judgment now in question.

The action is upon a policy of insurance issued by the appellant, and which is filed as an exhibit with the petition. The judgment was rendered by default. The statements of the petition are, therefore, to be taken as true. It avers that the company's chief office is in Louisville, Jefferson county, Kentucky, and that it, "through its duly and regularly authorized agent in Allen county, Kentucky, issued to the

said L. D. Logan a certificate of membership in the said Kentucky Mutual Security Fund Company."

Summons issued to Jefferson county only, and was there duly served upon the chief officer of the company. It is insisted that as no summons was served in Allen county upon any officer or agent of the company, that the Allen Circuit Court, while having jurisdiction of the subject-matter of the action, had no jurisdiction of the person of the company, and no power, therefore, to render a judgment.

Aside from any Code provision, the action would be a transitory one, because it is based upon simple contract, and a service upon the defendant in the county where the venue is laid would be necessary to give jurisdiction. Section 71 of our Civil Code, however, provides: "Excepting the actions mentioned in sections 62 to 66, both inclusive, and in sections 70 and 75 (the excluded sections do not relate to actions like this one), an action against an incorporated bank or *insurance company* may be brought in the county in which its principal office or place of business is situated; or, *if it arise out of a transaction with an agent of such corporation it may be brought in the county in which such transaction took place.*"

It is unnecessary to decide whether or not this section limits the right to bring an action like this one to the county in which the principal office or place of business of the insurance company is located, or if it arise out of a transaction with its agent to the county in which the transaction took place, or to it and the county in which its principal office is located. This question is not now before us. The

section, however, relates expressly to insurance companies, and certainly permits the party, in case his claim arises out of a transaction with an agent, to sue in the county in which the transaction took place. This is the plain language of the provision, and this was, beyond question, the intention of the codifiers. Without determining whether it localizes the action altogether, and confines the bringing of it either to the county of the company's principal place of business or to that in which the transaction occurred upon which the action is based, it, beyond question, authorizes the claimant, if his cause of action arose out of a transaction with an agent of the company, to lay the venue of his action in the county of such transaction. This being so, the law, in the absence of any Code provision, would permit the service of the summons upon the defendant elsewhere in the State; but subsection 3, section 51, of our Civil Code says: "In an action against a private corporation the summons may be served *in any county* upon the defendant's chief officer or agent who may be found in this State, or it may be served in the county wherein the action is brought upon the defendant's chief officer or agent who may be found therein."

While the section, as a whole, is not as clear in meaning, perhaps, as a different wording might have rendered it, yet the first clause of it was, in our opinion, intended, where the Code localized an action, or gave the claimant the right to do so, to authorize the service of the summons in such a case upon the chief officer or agent of the company wherever found in the State.

It is said, however, that the exhibit filed with the petition contradicts its averments, and that in such a case the exhibit must control. This is a true statement of the law, but not of the fact. The policy does show that the company's residence, if it may be said to have one, is in Louisville, Ky., and that the various payments required by it were to be made there. But, as we have already seen, the claimant is not confined in bringing his action to the county in which the principal office of the company is located, nor does the place of performance govern, but the venue of *the transaction* is to be regarded, and he may sue in the county where the negotiation or conduct of the business was had with the agent, out of which the cause of action arose.

It is true the policy recites: "In witness whereof, the said Kentucky Mutual Security Fund Company have, by their president and secretary, signed and delivered this contract at Louisville, Ky.;" but the framers of the Code knew, and this court knows, that insurance companies send out their agents to the country to solicit insurance; the "transaction" is had there with the agent, while the policies are signed at the home office. This being so, the fact that the policy shows it was signed in Louisville can not be allowed to control the averment in the petition that the company, "through its duly and regularly authorized agent, *in Allen county*, Kentucky, issued to the said L. D. Logan a certificate of membership;" otherwise, that clause above italicised of section 71 of the Code would be rendered nugatory. This would compel the bringing of all actions upon policies of insurance in the county of the home office of the company.

The appellant is an insurance company within the meaning of section 71 of the Code; the policy sued upon is a contract of insurance, and it was not intended by providing in its charter, "the said company, being of a purely benevolent character, it shall not be subject to the laws of this State governing life insurance companies, except as herein provided," that it should be sued otherwise than as the law provides as to other insurance companies.

Judgment affirmed.