## Gropp v. Perkins, et al.

(Decided May 3, 1912.)

### Appeal from Daviess Circuit Court.

1. Contracts—Sale of Business—Agreement Not to Engage in Within Stated Limits—Sum Fixed for Breach—Liquidated Damages—Recovery.—Where a contract has been made not to engage in a particular business within stated limits, and the damages resulting from a breach of the contract are necessarily uncertain and difficult of ascertainment, and the parties have provided a sum certain to be paid in the case of a breach, and the sum so named is not unjust or oppressive, or out of all proportion to the damages which would actually result from the breach, such agreement is construed as liquidated damages, rather than as a penalty, and the sum so fixed may be recovered where the provisions of the contract are violated.

2. Contracts—Sale of Business—Firm—Individual Members—Individual liability.—A contract by the members of a firm or partnership, in selling its business, binding the partners not to engage in business again within certain stated limits as to time and territory, will be broken by one of the partners so engaging, and will render him liable for the breach.

3. Contracts—Sale of Business to Members of a Firm—Agreement Not to Engage in Business—Sum Fixed for Breach—Purchase by Remaining Partner of Purchasing Firm—Right to Recover.—Where the members of a firm sell their business to another firm composed of two members, and agree not to engage in the same business again within certain stated limits as to time and territory, or unless the purchasers discontinue business in said territory within said time, and one of the purchasers sells his inter-

est to a stranger, and assigns the contract to him, and the stranger then sells his interest and assigns the contract to the remaining member of the purchasing firm, the latter may, upon a breach on the part of any one of the vendors, recover the full amount of the sum fixed in the contract to be paid in the event of a breach thereof.

H. A. BIRGHEAD, BEN D. RINGO for appellant.

ATCHISON & HURST for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

For several years prior to the date of the contract hereinafter mentioned, appellant, P. C. Gropp, and his brothers, A. H. Gropp and Joseph Gropp, were engaged in the retail shoe business in the city of Owensboro, and had built up a prosperous business. On December 10, 1906, they sold their business, stock of goods, etc., to T. B. Sanders and appellee, J. E. Perkins. The contract provided for a cash payment of $10,000, and for the execution of notes for the balance of the value of the goods as shown by invoice. The goods were invoiced at $13,-875. The $10,000 in cash was paid, and notes executed for the balance of $3,875. The notes have all been paid. The contract contained several stipulations which were carried into effect, and these it will be unnecessary to mention. Those portions of the contract necessary to be considered are as follows:

"This contract made and entered into the 10th day of December, 1906, by and between P. C. Gropp, A. H. Gropp and Joseph Gropp, composing the firm of Gropp Brothers, parties of the first part, and T. B. Sanders and J. E. Perkins, parties of the second part, all of Owensboro, Kentucky.

"Witnesseth: That the parties of the first part have this day sold to the parties of the second part the stock of goods owned by the parties of the first part and now in store house No. 107 on the north side of Second street between St. Ann and Allen streets in the city of Owensboro, Kentucky, including also the goods contracted for and not yet delivered. The said goods consist of boots, shoes, rubber-ware and findings. The said sale and purchase is made on the following conditions:

"Ninth. The parties of the first part hereby covenant to and with the parties of the second part that

they will not engage in the shoe business within the city of Owensboro, Ky., for a period of five years after the 1st of January, 1907, and in case they shall violate this provision of this contract they shall forfeit and pay to the parties of the second part as liquidated damages the sum of one thousand dollars ($1,000), provided, however, that if the parties of the second part shall discontinue the shoe business in said city at any time before the expiration of said five years, then the parties of the first part, or either of them, shall have the right to engage in said business without incurring any penalty. But it is understood that this provision shall not apply in case either of the parties of the first part shall be employed by the parties of the second part, and it is not agreed that A. H. Gropp shall work for the parties of the second part as clerk for a period of three months beginning January 1, 1907, at a salary of $15 per-week.''

The contract was signed by P. C. Gropp, A. H. Gropp and Joseph Gropp.

On July 20, 1907, Thos. B. Sanders sold all of his right, title and interest in the partnership business to L. Stuart Birk. At the same time he made a written assignment to Birk of the contract referred to. On October 15, 1908, Birk, for a valuable consideration, sold and transferred to his co-partner, J. E. Perkins, all of his right, title and interest in and to the business, stock and merchandise, etc., including his interest in the contract transferred and assigned to him by Sanders. By endorsement on the margin he assigned his interest therein to appellee, Perkins.

On March 21, 1910, and within five years of January 1, 1907, appellant, P. C. Gropp, again engaged in the retail shoe business on the same side of the same street in the city of Owensboro, and within six doors of the building occupied by the Gropp Brothers at the time they sold their business to Sanders and Perkins. From that time on, appellant continued in the retail shoe business and was conducting said business at the time of the institution of this action.

This action was instituted by J. E. Perkins on May 21, 1910, to recover the sum of $1,000, which the contract provided should be paid in case of its violation. Appellant first denied the allegations of the petition, and the execution of the contract. Afterwards, however,

an agreed statement of facts was filed, and the case submitted. Judgment was rendered in favor of appellee, and P. C. Gropp appeals.

At one time the courts did not look with favor upon contracts providing for liquidated damages. Their tendency was to construe the language as a penalty, and to permit a recovery of actual damages only. Subsequently the courts became more tolerant of such provisions, and have now become strongly inclined to allow parties to make their own contracts, and to carry out their intention, even when it would result in a recovery of the amount stated, as liquidated damages, upon proof of the violation of the contract, and without proof of the damages actually sustained. United States v. Bethlehem Steel Co., 205 U. S., 105; Son Printing & Publishing Assn. v. Moore, 183, U. S., 642. And it is now the generally accepted doctrine that where a contract has been made not to engage in a particular profession or business within stated limits, and the damages resulting from a breach of the contract are necessarily very uncertain and difficult of ascertainment, and the parties have provided a sum certain to be paid in the case of a breach, and the sum so named is not unjust or oppressive or out of all proportion to the damages which would actually result from the breach, such agreement is construed as liquidated damages, rather than as a penalty, and it is held, therefore, that the sum so fixed by the parties may be recovered, where the provisions of the contract are violated. Applegate v. Jacoby, 9 Dana 206; Pike v. Thomas, 4 Bibb, 486; Kilbourne v. Burt & Brabb Lumber Co., 111 Ky., 673; Eliizabethtown and Paducah Ry. Co. v. Geohegan, 9 Bush, 56; Muse v. Swayne, 31 Am. Rep., 607; 13 Cyc., 99; Woodbury v. Turner, &c. Mfg. Co., 96 Ky., 459; Hahn v. Horstman, 12 Bush, 251; Ford v. Engels Coal Co., 31 R., 382; L. & N. R. R. Co. v. Mason & Hoge Co., 31 R., 1220; Walton-Wilson-Rodes Co. v McKitrick, 141 Ky., 415; Streeter v. Rush, 25 Cal., 67; Duffy v. Shocky, 11 Ind., 70; Gresseli v. Lowder, 11 Ohio St., 349; Jacquith v. Hudson, 5 Mich., 123; Cushing v. Drew, 97 Mass., 445.

In this case, it would be practically impossible to tell how much trade appellant, by again entering into the shoe business, took away from appellee. Ascertainment of the damages, therefore, would be mere conjecture. Doubtless the actual damages resulting therefrom would

be in excess of the sum fixed by the parties. As the sum so fixed is not, therefore, unjust or oppressive, or out of all proportion to the damages which actually resulted, we conclude that the sum named should be treated as liquidated damages, and that a recovery thereof may be had for the breach of the contract.

For appellant it is contended that the contract on the part of P. C. Gropp, A. H. Gropp and Joseph Gropp, composing the firm of Gropp Brothers, was a joint or firm undertaking, and bound them as a firm only, and not individually. It is manifest, however, that the plain purpose of Sanders and Perkins was to provide against competition on the part of the Gropps. To hold a firm could not go into business without paying the sum specified in the contract, but that two members of the firm, or one member of the firm, as in the case of appellant, could engage in the business during the time prohibited by the contract, would place too narrow a construction upon its terms. While the three parties of the first part are referred to as the firm of Gropp Bros., the contract is signed by them individually, and was an undertaking on their part that none of them should engage in the shoe business in the city of Owensboro within the prohibited time. The Gropp brothers ceased to be partners from the time they sold out their business. To say that there could be no violation of the covenant except by their joint acts, and in their character as partners, would deprive the parties with whom they contracted of all substantial benefit and the protection of the covenant, by reason of the easy manner in which it could be evaded. If such were the meaning of the parties, the three Gropps, acting separately and individually, could, with entire impunity, each establish a place for carrying on a retail shoe business within a short distance of appellees' store. We, therefore, conclude that a covenant by the members of a firm or partnership, in selling its business, binding the partners not to engage in business again within certain stated limits as to time and territory, will be broken by one of the partners so engaging, and will render him liable for the breach. Jesse C. Love v. Stidham, 53 L. R. A., 397; Western Dist. Warehouse Co. v. Hobson, 96 Ky., 550.

But it is insisted that the contract on the part of the Gropp brothers was simply with Sanders and Perkins, as a firm, and if properly construed, would prevent the

Gropp brothers from entering into business only so long as the firm of Sanders and Perkins continued in the shoe business, and that when Sanders sold out to Birk, who subsequently sold to Perkins, the introduction of a stranger into the contract absolved the Gropps from all further obligation.

It is generally held that where one sells a business, and agrees not to engage in a like business in the same territory, or within a certain time, such a covenant is not merely a personal right for the benefit of the vendee alone, but it is a valuable asset that attaches to the business, and may be assigned. Griete v. Hendricks, 71 Hun. (N. Y.) 7; Guerand v. Dandalet, 32 Md., 562; Webster v. Buss, 61 N. H., 40; 60 Am. Rep., 317; Francisco v. Smith, 143 N. Y., 488; California Steam Navigation Co. v. Wright, 6 Cal., 258; 65 Am. Dec., 511.

While this broad rule may not be applied in this case, because the contract provided that the parties of the first part should have the right to engage in the shoe business without incurring any penalty if Sanders and Perkins should discontinue such business in the city of Owensboro at any time before the expiration of said five years, yet the contract was for their joint benefit. So long as either was engaged in the business within the time limit, and was injured by a violation of the contract on the part of appellant or his brothers, he could recover. Being for the protection of the business so long as either Perkins or Sanders conducted the business during the five years mentioned in the contract, and Sanders having sold out and assigned his rights to Birk, and Birk having transferred and assigned his interest in the business and the contract to appellee, and appellee having become the sole owner of the business, and Sanders, by the assignment, having surrendered all claims to compensation for violation of the contract, we conclude that appellee may recover the whole amount due. Guerand v. Dandalet, supra; Johnson v. Gwinn, 100 Ind., 466.

Judgment affirmed.