## Fiscal Court of Franklin County, etc. v. Kentucky Public Service Company, etc.

(Decided June 21, 1918.)

### Appeal from Franklin Circuit Court.

1. Pleading—Plea of Formal Inducement.—A formal inducement is not absolutely required in any pleading if the facts showing the cause of action or defense can be clearly and intelligently stated without it. In actions founded on a bond or note for the direct payment of money, it is usual and sufficient to proceed at once to the statement of the writing and its execution together with the promise and failure to pay and without any inducement or statement of the circumstances connected with its execution, for in general these circumstances are immaterial.

2. Pleading—Exhibits.—An exhibit constituting the foundation of the claim sued on and filed and made a part of the petition, becomes a part of the pleading. Such exhibit will not supply omitted material averments, but will serve to aid or explain ambiguous or indefinite ones.

3. Pleading—Unsealed Instruments—Consideration.—Since the adoption of the statute placing unsealed writings on the same footing with sealed instruments it is not in general necessary in suing upon such an instrument, or for its breach, to allege the consideration. This is because of the rule that facts which are presumed in law need not be alleged in a pleading. All written contracts

import a consideration and where a consideration is implied by law, or as here, is expressly stated in the bond, it need not be alleged in the petition.

4. Pleading—Action for Damages Resulting from Breach of Bond. —Where damages resulting from the breach of a bond sued on are necessarily very uncertain and difficult of ascertainment and the parties have provided a sum certain to be paid in the event of a breach and the sum so named is not unjust or oppressive or out of all proportion to the damages which would actually result from the breach, the sum so fixed is construed as liquidated damages rather than a penalty, and may be recovered as such without an allegation or proof of actual loss.

WILEY MARSHALL for appellants.

GUY H. BRIGGS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

This action was brought by appellants in the court below to recover of appellees upon a bond executed by the latter for $1,000.00, claimed as liquidated damages for an alleged breach by them of its terms. The bond, which is copied in, and the original filed with and made a part of the petition, reads as follows:

"Whereas, at a meeting of the fiscal court of Franklin county, held on the 9th day of September, 1915, it was ordered that a franchise for a natural gas pipe line be sold by the county judge to the highest and best bidder, and

"Whereas, it was further ordered that if the Kentucky Public Service Company became the purchaser of said franchise, said franchise should not be sold to it unless it executed a bond to the fiscal court of Franklin county, in the penal sum of $1,000.00, conditioned upon the faithful performance of the obligations of the franchise and the furnishing of gas to the consumers of the city of Frankfort, within six months of the date of the purchase of said franchise.

"Now, therefore, the Kentucky Public Service Company having become the purchaser of said franchise, we, the undersigned, the Kentucky Public Service Company, and the American Surety Company of New York, hereby obligate ourselves to pay to the fisal court of Franklin county, for the use and benefit of Franklin county, the sum of one thousand ($1,000.00) dollars, if, within six months from the date of the purchase of this franchise, to-wit: September 29, 1915, the Kentucky Public Service

Company has not complied with the terms of its franchise and furnished gas to the consumers in the city of Frankfort.

"KENTUCKY PUBLIC SERVICE CO.

By E. L. Sellers, Supt.

"The rate of premiums on this bond is $5.00 per thousand; the total amount of premium charged is $5.00.

"AMERICAN SURETY COMPANY OF NEW YORK

"By Mason B. Barret, Resident Vice Pres.

"L. P. McGee, Resident Asst. Secretary."

Appellees filed a general demurrer to the petition which was sustained by the circuit court and the petition dismissed at appellants' cost. From the judgment manifesting those rulings the latter have appealed.

We are not advised by the record of the grounds upon which the circuit court based its judgment, but its ruling is attempted to be sustained by appellees' counsel upon the following grounds: (1) That the form of the petition is defective. (2) The bond is unenforceable because the franchise was invalid and the bond without consideration. (3) That the bond provides for a penalty and not liquidated damages.

We regard the first of these contentions unsound. Specifically stated, it is (1) that there is no affirmative allegation in the petition that the fiscal court of Franklin county sold any franchise to the appellees, or that such franchise was purchased by the latter. (2) That there is no allegation of damage sustained by appellants growing out of the appellees' failure to comply with the terms of the bond. The bond, upon which the action is founded, itself clearly sets forth the undertaking of appellees, the consideration of the contract, the object of its execution, and the obligation thereby assumed by them. Its relation to the action is like that of a note upon which an action is brought.

"A formal inducement is not absolutely required in any pleading if the facts showing the cause of action or defense can be clearly and intelligently stated without it. In actions founded on a bond or note for the direct payment of money it is usual to proceed at once to the statement of the writing and its execution together with the promise and failure to pay and without any inducement or statement of the circumstances connected with its execution or consideration; for in general these circumstances are immaterial. The execution and delivery

of the written obligation by the defendant must ordinarily be alleged, and may in some respects be regarded as matter of inducement only.'' Newman's Pleading and Practice, section 229.

The petition by proper averments sets forth the corporate powers and business of each of the appellees; that the appellee, Kentucky Public Service Company, has a franchise authorizing it to furnish to the citizens of Frankfort and adjacent territory fuel and light for compensation; and that it with the appellee, American Surety Company, of New York, as surety, executed the bond in question, copied in and filed with the petition. In addition to the averments referred to, the petition contains others setting forth the obligation imposed upon appellees by the bond and breach of its terms by a total failure on their part to comply with its requirements; their liability by reason of such breach of the bond and the amount of liquidated damages recoverable upon the bond therefor; appellees' promise to pay same; that such damages are due, and that no part thereof has been paid.

Civil Code, section 120, provides:

''If an action, counterclaim, set-off or cross-petition be founded on a note, bond, bill or other writing, as evidence of indebtedness, it must be filed as a part of the pleading, if in the power of the party to produce it; and if not filed, the reason for the failure must be stated in the pleading.''

Civil Code, section 128, provides that writings, other than those constituting the basis of the action, may be filed merely as evidence. As said in Edelen's work on pleading, practice, etc., page 312, in commenting upon the provisions of section 120, Civil Code:

''A distinction is to be drawn between exhibits merely relied on as evidence and written contracts constituting the foundation of the claim. Only the latter are provided for in this section. By the expressed provisions of the section such writings become part of the pleading. They will not supply omitted averments but will serve to explain ambiguous or indefinite ones.''

It is, therefore, clear that an exhibit like the bond in question forms a part of the pleading and may, therefore, aid a defective allegation or a material fact imperfectly stated; such aid being chiefly available in making direct and positive allegations which would otherwise

be vague and uncertain. Newman's Pleading and Practice, section 204c; Kentucky Mutual Security Fund Company v. Logan's Admr., 90 Ky. 368; Stone, Auditor v. Wickliffe, 106 Ky. 252.

The bond sued on here is not contradictory of anything appearing in the petition. On the contrary, its complete showing of the contract out of which the liability it imposes upon appellees is claimed to have arisen, may well be said to aid and explain whatever may appear to have been defectively alleged in the petition, and considered together with the allegations of the petition, authorizes the conclusion that a cause of action is stated by that pleading. Appellees' ownership of the franchise described in the bond is alleged in the petition and as its purchase of the franchise from appellants is expressly admitted by a direct statement to that effect contained in the bond, it may further be said its purchase of the franchise from appellants is shown by the allegations of the petition, explained and aided by the admission of the bond.

Appellees' insistence that the demurrer should have been sustained because of the failure of the petition to specifically allege what damages, either as to character or amount, resulted to appellants for the use and benefit of Franklin county from appellees' breach of the bond, made the petition demurrable, is not sustained by anything appearing in the record. By the terms of the bond the damages sued for by appellants necessarily resulted from appellees' failure to furnish, within six months from September 29, 1915, gas to the consumers intended to be benefited by its purchase from the fiscal court of the franchise; and the amount of such damages, $1,000.00, is also fixed by the terms of the bond. On this subject in Newman's Pleading and Practice, section 337, it is said:

"The averment of the breach of a contract is in general plain and easily made when the promise is direct and absolute to pay a certain sum of money or do any other thing at a particular time; for in such cases it is a general rule that the breach or injury may be alleged in the words of the contract, or in words which agree with the sense and substance of it."

The averments of the petition in setting up the breach of the covenant contained in the contract could not have been more clearly stated. They go even further than to allege the breach in the words of the contract, for they

so fully apprise the appellees of the facts constituting the breach as to wholly leave them without reason to say that they will be unable to prepare and make whatever defense they may have.

The ruling of the circuit court upon the demurrer cannot, as contended by appellees, be sustained because of the alleged invalidity of the franchise or want of consideration for the bond. Since the adoption of the statute placing unsealed writings on the same footing with sealed instruments, it is not, in general, necessary in suing upon such an instrument or for its breach, to allege the consideration. This is because of the rule that facts which are presumed in law need not be alleged in a pleading. In other words, all written contracts import a consideration and where a consideration is implied by law, or as here expressly stated in the bond, it need not be alleged in the petition. This being true, if for any reason the franchise purchased by appellee of the fiscal court is invalid or the bond sued on is without consideration— questions which, not being before us, are not decided— these are matters of defense which can not be raised by demurrer to the petition but must be set up by answer.

We are unable to see how the demurrer could have been sustained by the circuit court on the ground that the amount the bond provides appellees must pay, in the event of its breach by them, is a penalty and not liquidated damages. On this question the case of Scott's Admr. v. City of Mayfield, 153 Ky. 278, seems to be directly in point. In that case a franchise was purchased from the city of Mayfield for the construction and operation of a street railway over its streets. The purchasers were required to give a bond in some respects similar in terms to the one we have in the instant case. It contained among other things a covenant that the purchasers would pay to the city of Mayfield a thousand dollars in the event of their failure, within twelve months from July 12, 1907, to commence the construction of a street railway and complete the same within five years, as provided by section 14 of an ordinance adopted by the board of council of the city of Mayfield. In an action by the city for a breach of the bond judgment was recovered for $1,000.00, the amount of liquidated damages named therein. On appeal the judgment was reversed, this court holding that a general demurrer to the petition should have been sustained. The ground upon which the reversal was adjudged

and the reasons of the court therefor will be shown by the following excerpt from the opinion:

"The bond was executed to secure a faithful compliance with section 14 of the ordinance. Therefore, the question whether or not there was a breach of the bond depends on whether or not there was a failure on the part of defendants to comply with the provisions of that section. To show what that section means, the following language is employed:

" 'The intention of this section being that said railway shall be completed within said time on such streets as are herein mentioned, as is necessary to properly serve the public and make reasonable profit, and does not mean that the same is to be finished completely or constructed on all of said streets other than is necessary to accommodate the public, and do a profitable business.' It is evident from the foregoing language that the defendants did not bind themselves to construct the railway at all events, but only to construct it on such streets as would enable it properly to serve the public and make a reasonable profit. Therefore, if, as a matter of fact, the railway could not be constructed on any street that would enable the company to make a reasonable profit, the defendants were under no obligations at all to construct and complete the railway on any street; and not being required to construct and complete the railway on any street, they were not under any obligation to begin its construction. That being true, it was necessary for plaintiff, in order to recover on the bond, to allege and prove, if denied, that the street railway in question could have been constructed on one or more streets of the city of Mayfield and conducted at a reasonable profit. It follows that defendants' demurrer to the petition should have been sustained."

So much of the opinion as is applicable to the question now under consideration in the case before us will be found in the following excerpt:

"The next question is: Should the amount stipulated in the bond be regarded as a penalty or liquidated damages? In determining whether or not liquidated damages are intended it is proper not only to look to the language of the bond but to consider also the subject matter and difficulty of measuring the actual loss which a breach of the bond would entail. Hence the rule is that where the damages resulting from a breach of the bond are neces-

sarily very uncertain and difficult of ascertainment and the parties have provided a sum certain to be paid in the event of a breach and the sum so named is not unjust or oppressive or out of all proportion to the damages which would actually result from the breach the sum so fixed is construed as liquidated damages rather than a penalty. For this reason it is common for municipal corporations in making contracts for sale of franchises to stipulate for the payment of a fixed sum in liquidated damages in case a public utility is not constructed and put into operation within the time limited in the contract. Nilson v. Town of Jonesboro, 37 Ark. 168, 20 S. W. 1093; Brooks v. City of Wichita, et al., 114 Fed. 297; Gropp v. Perkins, &c., 148 Ky. 183. As said by Dillon, in discussing the question of municipal consent to the construction of a railroad or other public utility in the city streets:

" 'It has also been generally held that the municipality in giving its consent, may exact from the company the deposit of a sum of money to be forfeited to the municipality, or bond conditioned for the payment to the municipality of a sum of money, in the event of a breach by failure to construct within the prescribed period. Although the courts have recognized the fact that the damage suffered by a total failure to construct results to the public, and not to the municipality in its corporate character, yet they have uniformly regarded the deposit or the penalty of the bond as in the nature of liquidated damages agreed upon in advance by the parties and recoverable by the municipality as such without evidence of any actual loss.' (Dillon's Municipal Corporations (1911 edition) section 1231.)

"In view of the foregoing authorities, we conclude, as it would be practically impossible to estimate the damage which would accrue from a breach of the bond, that the sum fixed in the bond, which is not unreasonable or oppressive, may be recovered as liquidated damages, upon proper allegations and proof of the breach of the bond, without proof of actual damage."

It follows from what has been said that the ruling of the circuit court in sustaining appellees' demurrer to the petition was error. Wherefore the judgment is reversed, with directions to the lower court to overrule the demurrer and for further proceedings consistent with the opinion.

Whole court sitting.