## Krausgill Piano Company v. Federal Electric Company.

(Decided October 12, 1926.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1.  Damages.—Contracting parties have right to fix measure of damages which injured party may have in recovery for breach.
2.  Contracts.—Where contract is susceptible of either lawful or unlawful construction, it will be so construed as to bring it within the law.
3.  Contracts.—Contract will be so construed, if possible, as to render all terms valid and enforceable.
4.  Damages.—Since Failure to Make Payment for Advertising was Only Breach Contemplated, Agreement to Pay Fixed Sum Upon Any Breach Held for Liquidated Damages and Not Penalty.— Where, under sign maintenance contract defendant agreed to pay plaintiff fixed sum "upon breach of any of the terms of this agreement," agreement held for liquidated damages, not penalty as failure to make weekly payment for advertising was the only breach contemplated by parties.

HARDIN H. HERR for appellant.

BOOTH, McDOWELL & CONNER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action, originating in the Jefferson circuit court, was instituted to recover damages for the breach of a maintenance contract for electric advertising services between the Federal Electric Company, incorporated, and the Krausgill Piano Company, made May 21, 1924, for a period of thirty-six (36) months. The contract is upon a printed form, prepared and used by the Federal Electric Company throughout Kentucky and elsewhere. The petition alleged that the piano company breached its contract by failing and refusing to allow the electric company to take charge of and maintain the electrical advertising sign in front of the piano company's place of business in Louisville, for any of the thirty-six months, and prayed judgment for damages in pursuance to a clause in the printed contract, reading:

> "Upon a breach of any of the terms of this agreement, the company may remove its property or may cut off the supply of electricity, in either of which events the owner agrees to pay the company a

sum equivalent to one-half (½) the weekly advertising service rate for each unexpired week of the term of the contract, which sum is agreed to be the actual loss suffered by the company by reason of such breach,"

amounting, it is alleged, to $670.80. The answer denied the ability and willingness of the electric company to carry out the contract and denied that it had suffered damages. Further pleading it was averred in the answer that subsequent to the making of the contract mentioned in the petition the parties by mutual agreement rescinded and annulled the contract sued on and made and entered into another and different contract in lieu of the first one. The third paragraph of the answer avers that at the instance of the agents of the appellee the original contract signed by the parties, upon which the suit was based, was destroyed for the purpose of annulling and abrogating it, the parties all agreeing that this did so annul and abrogate it.

The reply put in issue most of the affirmative allegations of the answer. Proof was taken and the cause submitted. The court rendered an opinion in which it said, in substance, that it was admitted that if the plaintiff is entitled to recover at all it should recover the liquidated damages fixed in the contract; that there is no serious dispute as to the meaning and effect of the contract, but that the defense rested upon the alleged rescission thereof and that the burden was on the defendant to show that the contract was abrogated. The chancellor then proceeds to a consideration of the evidence and concludes that the witnesses for the Federal Electric Company make the best showing and that the contract was not rescinded, and this finding is supported by abundant evidence. Upon this appeal the contract, which was made an exhibit to the petition, is assailed in several particulars, especially with respect to the liquidated damage clause. Referring to the clause of the contract copied above, it is pointed out that it says, "Upon a breach of *any* of the terms of this agreement" the company may discontinue the services and recover $4.30 per week for the balance of the unexpired term of the contract as liquidated damages, it being said that the contract undertakes to provide for gross liquidated damages for the breach of several covenants or conditions of different degrees and importance in the contract and that the rule

upon the subject renders such a provision a penalty rather than liquidated damages where the contract provides for the payment of a gross sum on the breach of *any one of the several covenants.* Gouger v. Buffalo Specialty Company, 26 Col. App. 8. And it is further urged that in construing a stipulation in a contract which may be either liquidated damages or a penalty, the court will hold it to be a penalty and not liquidated damages, and that the courts will not allow the enforcement of a penalty. This court has frequently recognized the right of contracting parties to themselves fix the measure of damages which the injured party may have in recovery for the breach of the terms of the instrument by the other party thereto, and has as often enforced the contract upon that subject according to its terms. In the recent case of Louisville Gas and Electric Company v. City of Louisville, 191 Ky. 797, we said:

"Our rule is to hold the sum named in a bond liquidated damages where the loss resulting from the breach of the agreement would be very uncertain and evidence of this amount very difficult to obtain, and the fair import of the agreement is that the amount of money named in the bond was specified and agreed upon by the parties to save expenses and avoid the difficulty of proving the actual damage, and is not out of proportion to the actual damage sustained. Commonwealth v. Ginn & Co., 111 Ky. 110; American Book Co. v. Wells, 26 R. 1159; Gropp v. Perkins, 148 Ky. 183; United States v. Bethlehem Steel Co., 205 U. S. 105; Sun Publishing Co. v. Moore, 183 U. S. 642; Fiscal Court v. Public Service Co., 181 Ky. 245; Scott's Admr. v. City of Mayfield, 153 Ky. 278."

There is another rule quite as important as the one to which we have just referred respecting the construction of contracts, which required a contract that is susceptible of two constructions, one lawful and the other unlawful, to give to the instrument that construction which will bring it within the law, for it is not to be presumed that the parties intended an unlawful thing; and there is yet another rule which requires that construction to be applied to a written instrument which will give force and effect to each and all of its terms, if that can be done, and which will render it and all of the terms of the contract valid and enforceable. In other words,

courts will not look for disqualifying clauses in contracts but rather to find the object, purpose and intention of the contracting parties and give the instrument that construction which will lead to the accomplishment of the objects and purposes intended by the parties thereto. The contract under consideration does not appear to be subject to the criticism which appellant makes with respect to the liquidated damages. True, the words employed are, "upon a breach of any of the terms of this agreement," but the only provision of the contract which either appellee or appellant claims was breached is that one with respect to the weekly payments occurring in carrying out the contract by the piano company. There is a provision, however, in the printed contract which reads:

> "The owner agrees to furnish glass letters for display if needed for replacement, and the company agrees to put these in place in the display if this can be done without dismantling the sign."

This is the first provision of the contract requiring appellant, piano company, to do anything; but a study of this provision makes it plain that it was inserted in the contract for the benefit of the piano company and not for the electrical company, and a breach of its terms would not have damaged appellant in the slightest but would have redounded to its benefit, saving it the necessity of putting the glass letters in the display advertising sign. Moreover, the evidence shows that the sign covered by the contract did not have glass letters, and, therefore, none could or would have been replaced had the contract been fully carried out, and the contracting parties must be presumed to have known this fact, and could not have made the contract with respect to liquidated damages with the purpose of allowing a recovery therein for failure of the piano company to furnish glass letters. The paragraph with respect to the furnishing of glass letters was a part of the long printed contract intended to cover many different kinds and classes of advertising signs, and did not apply to the sign under consideration and was not intended to do so by the contracting parties.

The next provision in the contract under which the appellant, piano company, is obliged to do something is No. 7, and it reads:

> "The company agrees to render the following special service, if any; patrol . . . In considera-

tion of the premises set forth the owner agrees to keep and use said electrical advertising service for thirty-six continuous months, beginning when the display is put on burning and ending thirty-six burning months thereafter, the lights on said display to be burned only from dusk to 12 p. m. . . . days per week and for any additional use thereof, the company's consent, evidenced in writing.

"The owner agrees to pay the company the sum of eight and 60/100 dollars for each wk. in advance for the remaining term of this contract at the office of the company as payment for the electrical advertising service, subject to a discount of twenty-five cents per week if payment is made on or before three days from date of bill."

And that alone is the one upon which this suit is based.

The next paragraph of the contract is the one with respect to liquidated damages copied above. There is no other provision in the contract by which the piano company was obliged to do anything except on the back thereof there is printed the following:

"The owner agrees to secure all necessary public and private permission to erect or operate said display, and upon failure to do so the owner agrees to indemnify the company for any loss or damage incurred or suffered by it as a result of his failure to procure said permission."

It will be observed, however, that this provision carried with it a special measure of damages different from that stated in the clause for liquidated damages, and for that reason can have no reference whatever to that clause. Then, too, the contracting parties did not contemplate or intend to make any such provision, as the facts clearly manifest and the caption of the contract indicates, it was a maintenance contract only. No new sign was to be erected. The piano company already had and was maintaining the electrical advertising sign in front of its place of business. The sign company only agreed by the contract to service the sign, furnish electric current, etc., for the agreed stipulation, per week. Therefore, there was no necessity for securing "all necessary public and private permission" to erect or operate the display sign, and, therefore, this clause for this reason should not have been included within the para-

graph upon liquidated damages. It follows, therefore, that only the provision with respect to the payment of the $8.60 per week by the piano company to the electric company was in contemplation of the parties at the time they entered into the liquidated damage agreement, and argument of appellant, piano company, that where there are several distinct and independent covenants upon the breach of any of which a fixed and gross sum in damages shall be payable to the party wronged, has no application.

While the evidence is in a rather confused state, apparently about equally balanced, we are not prepared to say that the chancellor did not arrive at a correct finding upon the facts.

No reason for a reversal of the judgment appearing, it is affirmed.

Judgment affirmed.