## Bates, et al. v. Johnson, et al.

(Decided January 21, 1927.)

### Appeal from Perry Circuit Court.

1. Pleading—Exhibit Deed is Controlling over Petition as to Whether Road was Designated as Boundary Therein.—Deed, filed as exhibit in suit to enjoin obstruction of road, is controlling over allegations of petition on question whether such road is designated in deed as boundary.

2. Boundaries—Conveyance to Point "Near" and Along Line "Just Below" Road Does Not Make Road Boundary so as to Transfer Easement.—Deed conveying to point "near" road and along line "just below" road does not make road boundary so as to pass easement therein to grantee, reference to road for purpose of description only being insufficient.

NAPIER & HELM for appellants.

JESSE MORGAN and F. J. EVERSOLE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

On March 16, 1921, Mary Johnson and others conveyed to T. G. Bates and Susan Bates a parcel of land lying in Perry county, Kentucky, and described as follows:

"At Chavies and fronting the Depot lot, and beginning on line of Mary Moore lot in line of Depot lot near cross fence, thence with line of Depot lot 140 feet to the drain or swamps about two feet on outside of the present fence post; thence up the drain or swamp 245 feet to a point near the road or street running around the foot of the hill; thence running around the hill just below the said street 178 feet to Mary Moore's line, near the cross fence; thence with line of Mary Moore lot back to the beginning, a distance of 194 feet."

At the time the deed was executed there was a road or street extending along and near the westerly side of the land for a distance of 178 feet. In the year 1925 the grantors erected a wire and post fence across the road at a point near the northwest corner of the land conveyed.

This action was brought by the grantees to enjoin the obstruction of the road. A demurrer was sustained to the petition, and the petition was dismissed. The grantees appeal.

The petition does not allege that the road was ever dedicated to the public, or that the public ever acquired an easement therein by adverse user for the statutory period. It proceeds on the theory that the road is designated as the westerly boundary of the tract of land, and that the right of way is appurtenant to the tract conveyed. It may be conceded to be the law that, where the grantor conveys land by a deed describing it as bound by a road, street or alley, which he owns in fee, he is estopped as against his grantee to deny that it is a road, street or alley, and an easement therein passes to the grantee by implication of law. 9 R. C. L. 766, 19 C. J. 932; Moale v. Baltimore, 5 Md. 314, 61 Am. Dec. 276. Though the petition alleges that the street or road in question is designated as the westerly boundary of the tract of land conveyed, it must not be overlooked that the deed, which is filed as an exhibit, is controlling on the question. Kentucky Mutual S. F. Co. v. Logan, 90 Ky. 364, 14 S. W. 337; Durham v. Elliott, 180 Ky. 724, 203 S. W. 539. Its language is: ''Thence up the drain or swamp 245 feet to a point *near* the road or street running around the foot of the hill; thence running around the hill just below the said street 178 feet to Mary Moore's line, near the cross fence.'' From this it is apparent that the land conveyed does not extend to the road or street, but only to a point ''near'' the road or street, and from that point it does not run with the road or street, but runs ''just below'' the road or street. Clearly, a reference to a road or street for the mere purpose of description is not sufficient to pass an easement therein to the grantee where the deed not only does not call for a road or street as a boundary, but shows beyond question that the land does not extend to, or abut on, the road or street.

It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.