## Cook v. Johnson.

(Decided November 6, 1931.)

JOHN H. GILLIAM for appellant.

G. D. MILLIKEN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Affirming.

On the 10th day of June, 1929, the appellant and appellee entered into a written contract whereby the appellee agreed to convey a farm he owned in Warren county to the appellant, and the appellant agreed to convey a farm he owned in the same county to the appellee and further agreed to pay the appellee $7,000 in cash. The conveyances were to be made by general warranty deeds which the parties agree meant that the respective farms were to be conveyed free of incumbrances. Possession

was to be given on or before January 1, 1930. The contract further provided:

"It is further agreed between the parties hereto that the sum of $1,000 is agreed upon as liquidated damages for the breach of this contract by either party thereto and should either party to this contract fail or refuse or for any reason or cause fail to carry out his part of this contract, then he shall owe to the other party the sum of $1,000 agreed liquidated damages for his breach of this contract."

At the time this contract was entered into there was an unpaid mortgage lien against the appellee's farm in favor of the Potter-Matlock Trust Company for $4,950. There is some dispute in the evidence as to whether or not appellant knew about this mortgage at the time the contract was made, but as we view the case, whether he did or not is immaterial. In the fall of the year, appellee, contemplating that the June contract would be carried out, moved from the farm which he had agreed to convey to appellant and rented another place for which he contracted to pay $1,000 as rent for the next year. He did not cultivate his old farm during the fall or make any effort to secure a tenant for it for the next year. In the early part of December, according to the appellee, he was informed by the appellant that the latter was not going through with the contract because he was unable to raise the money. Appellant denies making this statement. But at all events, on December 28, 1929, appellee tendered to the appellant a general warranty deed to the property appellee was to convey to the appellant and, at the same time, as the evidence satisfactorily establishes, present to the appellant a letter from the Potter-Matlock Trust Company agreeing to release the lien which it held on the appellee's farm at the time the deal between appellee and appellant should be closed by the exchange of deeds and the payment of the $7,000. Appellant declined to go through with the contract on the ground, as he now asserts, that appellee's farm was not clear of incumbrances. When appellant failed to go through with the contract, appellee brought this suit for the $1,000 liquidated damages provided for in the contract of June, 1929. Appellant defended on two grounds: First, that there had been no breach of the contract on

his part, since appellee had never tendered him a deed to the property free from incumbrances; and, secondly, that the provision in the contract for liquidated damages was for a penalty and hence void. The lower court gave the appellee judgment for the $1,000, and from that judgment this appeal is prosecuted.

There is no merit in appellant's first contention that he was not required to go through with the deal because appellee had not prior thereto cleared off the incumbrance against his property. In the case of Hurt v. Sands Co., 236 Ky. 729, 33 S. W. (2d) 653, 655, wherein this question was raised, we said:

> "It was necessary for Federspiel to be prepared to carry out his proposition by conveying a clear and unincumbered title, and the issue whether the deal was defeated by failure of Federspiel to clear his title was raised. In order for the broker to recover, it must be found that he produced a party ready, willing, and able to comply with the terms stated in the contract, and, if he did not do so, the broker would have no right to recover. But, if the party was prepared to transfer the lien to the property he was acquiring coincidentally with the exchange, so that the other party would acquire a clear title, the latter would have no just ground of complaint that the lien was not removed earlier."

It is quite usual in the sale of property incumbered by mortgage, where the land is to be sold free of incumbrances, to clear the incumbrances out of the purchase price of the land sold and to do this coincidentally with the closing of the transaction. The letter of the bank here shows that this was the method which would be pursued in this case, and had appellant gone through with the deal, as he should have done, he would have acquired a clear and unincumbered title. He has no just ground of complaint that the lien was not removed earlier.

Coming now to the second ground relied upon, both parties agree as to the rule of law involved. When a clause in a contract like the one here involved is to be regarded as a penalty and when as liquidated damages is set forth in the case of Commonwealth v. Ginn & Co., 111 Ky. 110, 63 S. W. 467, 470, 23 Ky. Law Rep. 521,

which has been followed by many subsequent cases. We there said:

"Where the damages resulting from the breach of an agreement would be very uncertain, and evidence of their amount very difficult to obtain, and the fair import of the agreement is that the amount of the money in it is specified and agreed on to save expense and avoid the difficulty of proving an actual damage, and is not out of proportion to the actual cash damages, it will be regarded as liquidated damages." See, also, Krausgill Piano Co. v. Federal Electric Co., 216 Ky. 470, 287 S. W. 962, and cases therein cited.

In the instant case, the provision for liquidated damages ran in favor of both parties. The evidence shows that its import was thoroughly understood by both sides at the time it was inserted in the contract. The values involved in the contract were about $10,000 on each side. The evidence shows that the parties felt that in the event the contract should not be carried out, the loss the wronged party would sustain would be very difficult of ascertaining. As in the actual case of the appellee, they consist of the loss he sustained because of not doing any fall cultivating on his farm he was selling, in not planning for its future use, in the cost of moving away from the old farm, in the detriment of having two farms to take care of during the following year, and the possibility, which turned out to be an actuality, of being unable to secure a tenant for the old place. Many witnesses were introduced to show that the appellee had actually lost more money by the failure of the appellant to carry out this contract than the $1,000 involved. In view of all this, we are unable to state that the provision was for a penalty rather than for liquidated damages.

Finding no error in the judgment of the lower court, it is affirmed.